SAMUEL SCHWAB v. CHRISTOPHER R. MABLEY.

*Premature appeal—Special appearance—Petition for removal.*

Where a decree in chancery is made before all of the defendants have been brought in or have appeared, and the case is then appealed to this court, the decree will be vacated and the record remanded for further proceedings in the chancery court.

Where defendants who have not been brought in by process or otherwise appear for the purpose of objecting to the jurisdiction of the court, such appearance, when their objections are overruled, cannot be treated as a general appearance in the case.

*Held, therefore,* that a petition for the removal of a cause to the federal court, in which defendants not served with process unite, is not, as to such defendants, a general appearance in the State court.

Appeal from Superior Court of Detroit. Submitted January 17. Decided January 18.

INJUNCTION to restrain defendants from interfering with the collection of a judgment recovered by complainant against them, and from prosecuting any suit involving the controversy, except in the Superior Court of Detroit or a court appellate therefrom. Defendants appeal. Decree vacated.

*Don M. Dickinson* (*Griffin, Dickinson, Thurber & Hosmer*) for complainant. A court in full possession of a case in which it has full power to do justice can restrain a party from resorting to another tribunal: Kerr on Inj. 156; High on Inj. 33; as by removing from a State to a federal court; *Akerly v. Vilas* 21 Wis. 307; it is a contempt and gross oppression to institute a suit at law after a bill is filed in equity: *Blanchard v. Stone* 16 Vt. 236; if one suit is dependent on another and does not involve the whole controversy, it is not removable: *Hervey v. Ill. R. R.* 7 Biss. 103; *Carraher v. Brennan* id. 497; *Chapman v. Barger* 4 Dill. 557; Dill. Removals 34, 35; *Birch v. Davenport R. R.* 46 Ia. 449; or where the main controversy cannot be settled in the cause to be removed: *Hanover Bank v. Smith* 13 Blatch. 224; *Insurance Co. v. Morse* 20 Wall. 445; a party cannot be forced into another court: *Wallace v. M'Connell* 13 Pet. 151; *Smith v. M'Iver* 9 Wh. 532; *Hagan v. Lucas* 10 Pet. 400; *Peck v. Jenness* 7 How. 612; *Taylor v. Carryl* 20 How. 583; *Freeman v. Howe* 24 How. 450; *Exp. Robinson* 6 McL. 355; *Exp. Dorr* 3 How. 103; *Buck v. Colbath* 3 Wal. 334; *Johnson v. Bishop* 1 Woolw. 324; *Vallient v. Childress* 21 Wal. 643; *Ableman v. Booth* 21 How. 506; *Clarke v. Rist* 3 McL. 494; 1 Kent's Com. 405; 3 Story's Com. 521, 621; federal courts cannot entertain a bill of peace where the title is in litigation in a State court: *Orton v. Smith* 18 How. 263; *Watson v. Jones* 13 Wal. 719; *Memphis v. Dean* 8 Wal. 64; as to impropriety of interfering with a suit in trespass, see *In re Donaldson* 1 N. B. R. 181; *In re Holland* 12 N. B. R. 403; *In re Marks* 2 N. B. R. 575; *In re Evans* 1 Lowell 525; *Doyle v. Sharpe* 74 N. Y. 154; *Knight v. Cheney* 5 N. B. R. 305; *In re Bonesteel* 3 N. B. R. 517; *Lathrop v. Drake* 91 U. S. 516; *Kent v. Downing* 44 Ga. 116; *Sampson v. Burton* 4 N. B. R. 1; *Eyster v. Gaff* 91 U. S. 521; *Claflin v. Hauseman* 93 U. S. 131; *Mays v. Fritton* 20 Wall. 414; *Burbank v. Bigelow* 92 U. S. 179; *Goodrich v. Wilson* 14 N. B. R. 555; *Wente v. Young* 17 N. B. R.

90; *Wiswall v. Campbell* 15 N. B. R. 421; *Kidder v. Harrobin* 72 N. Y. 159.

*Wisner & Speed,* G. V. N. *Lothrop* and *Ashley Pond* for defendants. If a case is removable the duty of the court in which it is pending is to accept the petition and bond for removal and go no farther: 18 U. S. Stat. at L. 471; *Glens Falls Ins. Co. v. Judge* 21 Mich. 582; *Le Roux v. Bay Circuit Judge* 46 Mich. 189; *Railroad v. Mississippi* 102 U. S. 136; *Gordon v. Longest* 16 Pet. 97; *Kanouse v. Martin* 15 How. 98; *Ins. Co. v. Dunn* 19 Wal. 223; *Virginia v. Rives* 100 U. S. 313; in cases to which the removal act applies the removal is not within the discretion of the State court: *Yawkey v. Richardson* 9 Mich. 529; which cannot properly oppose removal: *Mabley v. Judge of Superior Court* 41 Mich. 35; *Kern v. Huydekoper* 24 Alb. L. J. 88; every person can have his controversies litigated in any court of jurisdiction: *Railway Co. v. Whitton* 13 Wal. 287; a question arises under the Constitution or laws of the general government whenever its correct decision depends upon their construction: *Cohens v. Virginia* 6 Wh. 379; *Osborn v. Bank of U. S.* 9 Wh. 822; *Gold Washing Co. v. Keys* 96 U. S. 201; *Tennessee v. Davis* 100 U. S. 264; *N. O. M. & Texas Railroad Co. v. Mississippi* 22 Alb. L. J. 489; one court of equitable jurisdiction will not restrain proceedings in another court of equal powers: High on Inj. § 48; *Smith v. Ins. Co.* 1 Clark's Ch. 307; *Lane v. Clark* id. 309; *Schell v. E. Railway Co.* 51 Barb. 368; *Platto v. Deuster* 22 Wis. 484; *Endter v. Lennon* 46 Wis. 300.

Cooley, J. This case comes before us on appeal from the Superior Court of Detroit. It is a suit in equity, and Christopher R. Mabley, Joseph L. Hudson, Salmon S. Matthews, Bernard Rothschild, Ferdinand Hays and Henry Michaels are named as defendants. The first three were brought in by service of process; the others were not served and not in any manner brought in, except by their own voluntary action in uniting with the other defendants in a

petition for the removal of the case to the federal court. That petition was presented in July, 1879, but was denied by the Superior Court on the ground that no case for removal was made by it. The complainant treated the presentation of this petition as a general appearance in the case by Rothschild, Hays and Michaels, and when the case was ripe for a hearing as to the other defendants, entered a decree against them all.

In the case of *Frink v. Bentley*, which came before us at the present term on facts much resembling these, the decree which complainant had taken without bringing in some of the defendants, was set aside, and the case remanded for further action in the court of chancery. The fact which distinguishes this case from that is the presentation of the petition for removal. Unless uniting in that petition can be considered an appearance in the case, it is conceded that the decree was entered before the case was ready for hearing.

Counsel in support of the decree lay stress upon the fact that in the petition for removal there was no reservation of rights, and no statement that the defendants who had not been served with process appeared for the purpose only of moving upon that petition. It is also urged that if the case had been removed all of the defendants would have been before the federal court, and that if it had afterwards been remanded, they must have then been in the Superior Court. But in either event, it is said they would have been in court only by means of the presentation of the petition.

Counsel may be correct in supposing that if the case had been removed to the federal court all of the defendants would have been in that court. The purpose of the petition was to put the case in the federal court for the purposes of trial and final disposition, and it might well be held that the granting of the prayer of the petition subjected all the defendants to the jurisdiction of that court. But it does not follow that the defendants were before the Superior Court for the like purposes. Defendants are brought into court either by the service of process or some substitute

therefor, or by voluntary appearance; and the voluntary appearance may be either general and for all purposes, or specially and for some particular purpose. Where the purpose to make it special appears, the court cannot enlarge it and make it general, for the extent to which defendant submits himself to the jurisdiction when he thus voluntarily comes in, is determined by his own consent. *People v. Kehl* 15 Mich. 330; *Michels v. Stork* 44 Mich. 2.

In this case the defendants who had not been served with process came into court for a single purpose only; and that was, not to give the Superior Court general jurisdiction of their persons, but to object to its jurisdiction, and have the whole case removed to another court. It is true they did not expressly say in the petition that they appeared for the single purpose only; but this appears from the petition as distinctly as if they had done so. The petition had and could have but the one purpose—to avoid the jurisdiction of the Superior Court; and that the attempt to do this cannot be held to be a voluntary submission to the jurisdiction of that court, is too obvious to require demonstration beyond what the naked statement affords.

The decree must be vacated, and the case remanded. No costs are awarded.

The other Justices concurred.