JOHN DAVENPORT AND IRA DAVENPORT V. HENRY H. APLIN, AUDITOR GENERAL, ET AL.

*Taxes—Law of 1882—Assessment of tax of 1885—Repeal of statute—
Constitutional law—Equity practice—Hearing on bill
and answer—Waiver of right to take proofs.*

1. That portion of the general tax law of 1882 providing for the assessment of property, and for a review of such assessment, was constitutional, and, having been substantially re-enacted in the tax law of 1885, has never been repealed.
2. An assessment of property, and its review, in the spring of 1885, made under the tax law of 1882, was valid; and the tax proceedings thus commenced could be continued and completed under the tax law of 1885.
3. A *complainant* waives his right to take proofs by voluntarily going to a hearing on bill and answer, the case having been noticed for such hearing by *one* of the defendants, although as to other defendants it is not at issue, and by appealing from a decree dismissing his bill, without objecting on account of such other defendants not being included thereby, must be considered as having signified his willingness to stand or fall upon the merits of such decree.
4. The Court distinguish this case from *Graham v. Elmore*, Har. Ch. 265, *Schwab v. Mabley*, 47 Mich. 512, where some of the defendants, who had not waived any of their rights, objected to a final disposition of the case, etc.

Appeal from Cheboygan. (Ramsdell, J.) Argued April 11, 1888. Decided May 11, 1888.

Bill filed to restrain the collection of taxes for 1885. Decree dismissing bill affirmed. The facts are stated in the opinion.

*Humphrey & Perkins,* for complainants.

*Alvin W. Barry (E. S. Pratt,* of counsel), for defendants.

MORSE, J. The bill in this cause was filed to restrain the

collection of taxes for the year 1885, which was proceeding to a sale of complainants' real estate upon which such taxes were levied.

The assessment was made, while the law of 1882 was in force, in the spring of 1885, and the tax was spread under the law of 1885, and all subsequent proceedings taken thereunder.

The sole ground of objection urged here to the tax, or any of the proceedings to collect it, is based upon the claim of the unconstitutionality of the law of 1882.

The supervisors assessed the lands of complainants in the spring of 1885, and the assessment roll was reviewed by the township board of review in May of the same year. June 9, 1885, the tax law of that year, being Act No. 153, Laws of 1885, was passed, and took immediate effect. By the terms of this statute—

" All acts or parts of acts in anywise contravening any of the provisions of this act are hereby repealed, but such repeal shall in no manner affect any rights which may have accrued under such acts or parts of acts."

The taxing officers, with this assessment, made and reviewed in the spring of 1885, before this act took effect, as a basis, proceeded thereafter under the law of 1885.

The broad claim is made that, by the action of the Legislature in enacting the new law and repealing the old, there could be no valid tax levy for the year 1885.

The counsel for complainants contend that the tax law of 1882 was unconstitutional and void from its inception, and the whole of it. Therefore the assessment in this case was a nullity, and, being so, no levy of taxes could be based upon it.

We must hold that portion of the law of 1882 providing for the assessment of property, and review of the same, constitutional. This part of the law did not differ in principle or substantially from previous tax laws in this State.

These provisions of the law of 1882, as to the assessment of property and the board of review, were substantially re-enacted in the tax law of 1885. Therefore this portion of the law of 1882 has never been repealed. It was a valid law when the assessment in this case was made, and it has been a valid law ever since, by its re-enactment in the law of 1885. There has been no particular or substantial change in that portion of the tax law relating to the assessment of property.

The assessment in the spring of 1885 can properly be treated as an assessment under the law of 1885. The re-enactment of a law does not lose or change any rights gained under it before such re-enactment, and here such rights were expressly saved. The tax proceedings, partially completed in 1885 under the law of 1882, could be continued and completed under the law of 1885, in the same year. It was lawful, therefore, to assess or levy taxes for the year 1885, under the new law, upon a valid assessment or rating of property made in the spring of that year, under a valid law, which had not been repealed, but continued as a part and parcel of the new law.

Any other holding would not only lose to the State its whole tax revenue for the year 1885, but would, in all cases where a statute is amended and re-enacted, although the amendment does not qualify or lessen its provisions, but adds some new provisions to it, destroy all rights accruing under the statute before such amendment.

There is no reason why the State should lose its whole tax revenue for the year 1885 upon a technicality, to the benefit of nobody except those who desire to escape the payment of any taxes whatsoever.

Under this view of the case, it is not necessary to discuss the constitutionality or effect of section 68 of the tax law of 1885, or the validating act of 1887. See Laws of 1887, No. 17, p. 14.[1]

---

[1] See note to *Ball v. Busch*, 64 Mich. 337, for a review of the tax legislation, and of the decisions thereon.

It is also insisted that complainants, under the law of 1882, had a right to have the assessment of their lands reviewed by the court of chancery of Cheboygan county, and that by the new law they have been deprived of their day in court upon such assessment. But they have had one day in court before the board of review, and that was sufficient.

It is also claimed that the case, as it comes before us, is not in a proper condition for hearing, and that the decree of the court below must be reversed, and the record sent back for further proceedings there.

It appears that process was served personally upon all of the defendants, and the appearance of all entered in the cause. The board of supervisors alone answered; none of the other defendants putting in any answer, plea, or demurrer to the bill of complaint. Before the complainants had entered any order to take proofs, and before the time had expired for their doing so, the defendants' solicitor noticed the cause for hearing on bill and answer. The cause was not then at issue as to the other defendants, nor had their default for not pleading been entered.

Without making any objection, however, to the state or condition of the cause, the complainants' solicitor went to hearing, and a decree was rendered dismissing his bill. He thereupon, without raising any question in the court below, appealed to this Court. Here for the first time, upon the argument, he acquaints the Court with the situation.

He now claims that it was not competent for defendants' solicitor to notice the cause for hearing in the court below until it was at issue as to all of the defendants; that he could only move the court to dismiss for want of prosecution if the complainants unreasonably delayed the cause, but could not bring it to a hearing until it was in a situation to be heard as to all of the parties, and to be finally disposed of as to all. He cites *Graham v. Elmore,* Har. Ch. 265; *Schwab v. Mabley,* 47 Mich. 512 (11 N. W. Rep. 294).

But these cases are those where some of the defendants who had not been brought to issue, and who had not waived any of their rights, objected to a final disposition of the case when they were not in a situation to be heard, and to have their rights adjudicated or protected. But the complainants in the court below, upon their own motion, could have dismissed their bill against these defendants at any time, on payment of costs, and such defendants could not have complained or prevented them from so doing.

When the complainants voluntarily went to a hearing upon bill and answer, they waived their right to take proofs; and when they appealed from the decree, without objection to the decree or proceedings of the court below on account of these defendants not being concluded thereby, they must be considered as having waived this defect on such proceedings, and as having signified their willingness to stand or fall upon the merits of such decree.

If we had found in favor of the complainants, we could not, under the practice of our courts, have entered any decree here in their favor, as against these defendants not before us, and would have been compelled to have remanded the record back to the court below. But there is no obstacle in the way, either in equity or under the rules, of an affirmance of the decree below, and the same is therefore affirmed, with costs.

SHERWOOD, C. J., CHAMPLIN and LONG, JJ., concurred. CAMPBELL, J., did not sit.