JOHN M. LONGYEAR ET AL. v. HENRY H. APLIN,
AUDITOR GENERAL, ET AL.

*Taxes—Assessment in 1885 under law of 1882—Highways and bridges
—Vote of tax by electors—Jurisdiction of com-
missioner to expend further sum.*

1. An assessment of property, and its review, in the spring of 1885, made under the tax law of 1882, was valid, and such tax proceedings could be completed under the law of 1885. *Davenport v. Auditor General,* 70 Mich. 192.

2. The *labor* and *money* tax which the electors of a township are authorized to vote under How. Stat. § 1327, is not intended to meet anything but the ordinary improvement of the highways and bridges of the township during the year.

3. The right of the commissioner of highways to expend $1,000 in the building and repairing of bridges in his township during the year, and to cause said sum to be certified to the supervisor for assessment, under How. Stat. §§ 1379, 1380, is not affected by the voting of a labor and money tax by the electors under How. Stat. § 1327.

4. A record showing that a meeting at which the commissioner of highways and township clerk were present, " on footing the several amounts expended during the year in the construction and repairing of bridges in the township, it was found to amount to $1,000, whereupon the commissioner directed the clerk to certify to the supervisor such amount to be assessed to pay for such construction and repairing," is sufficient; and it will be presumed from such a record that orders had been issued under How. Stat. § 1380, and were before said officers, from which such footing was made, in the absence of some counter-showing.

Appeal from Ontonagon. (Williams, J.) Argued June 7, 1888. Decided November 28, 1888.

Bill to enjoin the sale of land for an alleged illegal bridge tax. Complainants appeal. Decree dismissing bill affirmed. The facts are stated in the opinion.

*Ball & Hanscom,* for complainants.

*N. W. Haire* (*Stone & Gray,* of counsel), for defendants.

[The points of counsel are stated in the opinion.— REPORTER.]

MORSE, J.    Case heard upon bill and demurrer in the Ontonagon circuit, in chancery.    Demurrer sustained in that court, and complainants appeal to this Court.    The controversy is in relation to the validity of a bridge tax levied upon the lands of the complainants in the township of Ontonagon, in the year 1885.

The case made by the bill shows, in substance, that at the annual township election held April 6, 1885, the following resolution was adopted by the electors present, to wit:

"That a labor tax of one-fourth of a day's labor be assessed upon each $100 of valuation for improvements of highways and bridges; also that a money tax of one-fourth of one per cent. be assessed upon each $100 of valuation for improvements of highways and bridges."

This amount so voted was duly spread upon the tax roll, and levied upon the lands with other taxes, which the complainants paid.    The highway commissioner and overseers of highways of the township expended said labor and money upon the highways and bridges in said township in said year.    But notwithstanding the fact of the raising and expenditure of this labor and money so voted by the electors, on the 2d day of October, 1885, the highway commissioner directed another tax, called a "bridge tax," to be certified to the supervisor for assessment and levy upon the lands in said township in said year; the record of which, and the only authority for levying the same, is as follows, to wit:

"At a regular meeting of the board of highway commissioners, held at the clerk's office, October 2, 1885, the following were present: Daniel Cusick, highway commissioner, and James S. Monroe, township clerk.

"On footing the several amounts expended during the year in the construction and repairing of bridges in the township, it was found to amount to $1,000, whereupon the commissioner directed the clerk to certify to the supervisor such amount to be assessed to pay for such construction and repairing.

"[Signed] J. S. MONROE,
"Township Clerk."

This tax of $1,000 was levied on the lands in the township, and the county treasurer, under the direction of the Auditor General, was about to sell the lands of the complainants under such levy, when complainants filed their bill to enjoin such sale.

The complainants allege that the levy of this tax was unlawful—

1. Because the electors at the annual township meeting determined the amount they deemed sufficient for the improvement of highways and bridges, which sum voted by them was levied and paid in full, as far as the lands of the complainants are concerned; that after such vote the highway commissioner had no authority to raise any further sum.

2. That the record of the assessment of such tax by the highway commissioner is insufficient, in any event, under any law of this State, to confer authority to assess and levy it.

3. The tax being assessed in the spring of 1885, under the law of 1882, the lands of complainants could not be sold under the law of 1885.

This last objection was disposed of in the case of *Davenport v. Auditor General,* 70 Mich. 192 (38 N. W. Rep. 211), where it was held that the taxes assessed in the spring of 1885 could be collected under the law of 1885.

We think that the tax of $1,000 was a valid levy. The evident intention of the Legislature, as gathered

from the statutes taken as a whole, seems to us to have been this: Under section 1327 of Howell's Statutes, a majority of the electors at the annual township meeting are to determine—

1. The amount of highway labor to be assessed.
2. The amount of money tax to be assessed,—the labor and money so assessed to be expended for "the improvements necessary to be made in the highways and bridges during the year."

Such labor assessment cannot exceed one-half day's labor upon each $100 valuation, and the money tax cannot exceed 50 cents upon the $100 of the same valuation. In case the aggregate valuation of the township is less than $50,000, the sum may be voted in gross, but must not exceed $250. See section 1326, How. Stat.

This labor and money tax was not intended to meet anything but the ordinary improvements of the highways and bridges. It cannot reach or cover the expenditures provided for under sections 1379, 1380, How. Stat., because in many townships the money and labor so levied would not amount to the $1,000 which the commissioner is authorized to levy and use under these sections. The building, rebuilding, or repairing, to any great extent, of the bridges, was intended to be covered by these sections as separate and distinct from the money raised for improvements of highways and bridges. The money to be raised by tax for this purpose, under section 1380, up to the amount of $1,000, is to be determined by the commissioner of highways, and not by the electors of the township. If more than $1,000 is required, then, under section 1381, provision is made for submitting the raising of such extra sum to the electors. See sections 1379–1381, How. Stat.

After the annual township meeting, it is not unusual

for bridges to be swept away or damaged by floods or freshets, and it must be that the Legislature by these sections intended to give the commissioner of highways power to rebuild or repair them, independently of the action of the electors at the town meeting.

The record of the assessment of the tax is sufficient. It is not expected, and therefore not required, that every detail of the assessment, or the reason for it, shall be set forth in the record. No technicality can be invoked to defeat the tax. It is urged that under section 1380 the commissioner must draw his orders for the expense upon the township treasurer, and notify the clerk of such orders, and their amount, before the clerk can direct the supervisor to levy the tax; and that the record does not show that any orders were drawn. The record, however, shows that the township clerk was present with the commissioner, and—

"On footing the several amounts expended during the year in the construction and repairing of bridges in - the township, it was found to amount to $1,000."

Thereupon the clerk certified that amount to the supervisor. It will be presumed upon such a record that orders had been issued according to law, and were before them, from which this "footing" was made, when nothing appears to the contrary. It was not necessary to set forth in this record the orders issued specifically, or to state that orders had been issued, when the record shows that the amounts expended were before them, and were footed up. It is to be presumed that the commissioner had followed the law in making these expenditures, in the absence of any allegation to the contrary in the bill.

The decree of the court below is affirmed, with costs.

The other Justices concurred.