# CASES

## ARGUED AND DETERMINED

# UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS

---

### NEW YORK CONSTRUCTION CO. v. SIMON et al.

(Circuit Court, N. D. Ohio W. D. July 10, 1891.)

#### No. 996.

1. REMOVAL OF CAUSES—CONSTRUCTION OF STATUTE.
   The language of the removal act of 1887 (section 2, cl. 3) being the same as Act 1875, § 2, cl. 2, except that the right to remove is limited to the defendants, it should be construed, in respect to such defendants, as the prior act was.

2. SAME—CITIZENSHIP—FORMAL PARTIES.
   In a suit to cancel a promissory note, brought by the maker against the holder and his indorsee for collection, who has been made a defendant merely in order to retain the note within the jurisdiction of the court, the indorser may remove the cause to the federal court on his sole application. Barney v. Latham, 103 U. S. 205; Bacon v. Rives, 106 U. S. 99, 1 Sup. Ct. Rep. 3; Wood v. Davis, 18 How. 467, followed.

3. SAME—HOLDER OF A NOTE WITHOUT NOTICE OF FRAUD.
   In a suit to cancel a promissory note, where one defendant is alleged to have obtained it by fraud, and there is no allegation that his indorsee, who is another defendant, was cognizant of or a party to the fraud, the controversies are separable so as to give the second defendant the right of removal to a federal court. Barney v. Latham, 103 U. S. 205; Bacon v. Rives, 106 U. S. 99, 1 Sup. Ct. Rep. 3; Fraser v. Jennison, 106 U. S. 194, 1 Sup. Ct. Rep. 171,—followed.

4. SAME—WAIVER OF OBJECTION TO IMPROPER SERVICE.
   According to the settled rule of the sixth circuit, a defendant who removes a cause to a federal court will not there be heard to say that he was not properly brought before the state court, when he has failed to raise this point before applying for removal. Bentlif v. Finance Corp., 44 Fed. Rep. 667, disapproved.

5. NEGOTIABLE INSTRUMENTS—TRANSFER—INDORSEE FOR COLLECTION.
   In a suit to cancel a promissory note an indorsee for collection should not, after the note is past due, be kept under an injunction restraining him from returning it to the owner, when there is nothing to show that such owner is in any way irresponsible, since the suit is lis pendens notice to the world of the plaintiff's claims.

In Equity. Petition by the New York Construction Company, in the court of common pleas of Allen county, Ohio, against Kauffman

Simon, the Chase National Bank of New York, and the First National Bank of Lima, Ohio, to have a promissory note delivered up and canceled. The Lima Bank was enjoined from transferring the note. The Chase National Bank removed the cause to this court. Motions to remand and to quash the summons issued against the Chase National Bank. Denied. Motion to dissolve the injunction. Granted.

Wetmore & Jenner, Walter B. Richie, and Cable & Parmenter, for complainant.

Simpson, Thacher & Barnum and Wheeler & Brice, for respondents.

JACKSON, Circuit Judge. This cause is before the court on several motions. The plaintiff moves to remand the suit to the court of common pleas of Allen county, Ohio, from whence it was removed by defendant the Chase National Bank of New York to this court; the Chase National Bank moves to quash the summons issued for it by said court of common pleas, and to set aside the service and the return of the officer on said summons; and the First National Bank of Lima, Ohio, moves to dissolve the injunction heretofore granted and issued against it by said court of common pleas of Allen county.

It appears from the record that the plaintiff is a corporation organized under the laws of Illinois, and a citizen of said state. That on July 8, 1890, its secretary, at Lima, Ohio, executed the note of the company for $16,787.02, payable four months after date to the order of B. C. Faurot; the place of payment designated in the note being at Lima National Bank, Lima, Ohio. That said B. C. Faurot indorsed said note in blank. That defendant Kauffman Simon, who had business relations with plaintiff, obtained possession of said note, fraudulently and by false representations, as plaintiff alleges, and thereafter passed or transferred the same to the Chase National Bank of New York, and said last-named bank, having placed the following restrictive indorsement on the paper, "Pay First National Bank Lima, Ohio, for collection or order," sent the note to said Lima National Bank for collection. While the note was thus held by the Lima National Bank as the agent of the Chase National Bank, the plaintiff filed its petition in the court of common pleas of Allen county, Ohio, against said Simon, the Chase National Bank, and the First National Bank of Lima, for the purpose of having the said note delivered up and canceled for the alleged frauds of Simon in procuring the same, and because it was executed without authority, was never delivered by the maker, and because neither of the defendants paid or parted with any consideration therefor. It sought to have the note impounded in the hands of the First National Bank of Lima pending the litigation, and a temporary injunction was granted enjoining and restraining said Lima National Bank "from parting with the possession of said instrument, (note,) or delivering the possession thereof to the other defendants herein, or either of them," and requiring said bank to retain the custody of the paper until the final hearing of the cause, so that the same might be subject to the order of the court. The defendant Simon and the Chase National Bank be-

ing both citizens of New York, and the original summons issued for them to the sheriff of Allen county having been returned "Not found," another summons, with certified copies of petition and orders of said court, were issued to the sheriff of New York county, N. Y., which was served upon said defendants by said sheriff in the city of New York, and returned accordingly, with proper certificates as to official character, etc. Thereafter the said Chase National Bank filed its petition for the removal of the suit from said state court to this court, tendering with its petition a bond, with sureties as required by law, which was approved by said state court, which directed the case to be removed to this court. Said petition contains all the requisite averments if the petitioner was entitled to the removal on its sole application; and it further shows that petitioner purchased said note (presumably before maturity) for a valuable consideration, and without notice of the alleged frauds on Simon's part in procuring the same, etc.

The claim of the Chase National Bank is that it is the holder of the note for value and without notice of the alleged fraudulent acts and representations of Simon in obtaining its execution and delivery to him. The plaintiff rests its motion to remand the cause on three grounds, viz.: First, because all the defendants did not join in the application for removal from the state court to this court; second, because the petition for removal is not sufficient in law to entitle the defendant to the removal prayed for, and was otherwise defective; and, third, because the bond on which the removal was procured was insufficient and defective, it not appearing that the seal of the corporation was attached thereto by authority of said defendant, nor that the bond was properly acknowledged, and because it did not appear that the sureties were sufficient, nor that they had properly acknowledged the execution of the bond.

In the opinion of the court this third ground for remanding the case is without merit. The bond is regular in all respects. There is nothing to show any insufficiency or defect in it, or want of sufficiency in the sureties thereon. It was properly executed and acknowledged both by the obligor and its sureties, and was formally approved and accepted by the state court to which it was tendered. This court, if it could rightfully review the action of the state court in approving and accepting the bond tendered, is unable to discover from the record any error in the proceeding.

The first and second grounds for remanding may be considered together. They present the question whether the Chase National Bank alone, without the other defendants joining in the application, was entitled to remove the suit. The right of said bank to effect a removal of the cause on its sole application depends, or must be rested, upon the fact that the suit presents a separable controversy between itself and the plaintiff. By the third clause of the second section of the act of 1887 it is provided as follows:

"And when, in any suit mentioned in this section, there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the circuit court of the United States for the proper district."

This provision is the same as that embodied in the second clause of the second section of the act of 1875, with the single exception that the right of removal is limited and restricted to the defendant or defendants in the suit, and should therefore receive the same construction and application, so far as the removing defendant is concerned, as the courts had previously given to said language under the act of 1875.

It is settled by the decisions in cases of Barney v. Latham, 103 U. S. 205, and Bacon v. Rives, 106 U. S. 99, 1 Sup. Ct. Rep. 3, following the rule announced in Wood v. Davis, 18 How. 467, under the judiciary act of 1789, that the presence of a formal defendant against whom no relief is sought will not defeat the right of the real party defendant to a removal of the suit. It is very clear that the First National Bank of Lima was not an indispensable party to the controversy between the plaintiff and either or both of the other defendants. Said bank occupied the position of a mere stakeholder. It was a matter of no concern or personal interest to it whether plaintiff or the defendants, or either of them, succeeded in the real litigation. It was made defendant, not because of any connection it had with the main controversy, but merely to the end that, as the 'temporary custodian or collecting agent having in its possession the paper about which the controversy existed, it might be required to hold and retain the same within the jurisdiction of the court where it would be subject to its orders. Said bank occupied substantially only the position of a stakeholder or garnishee, and, while a' proper, was in no sense an indispensable, party to the controversy which constitutes the foundation of the litigation between plaintiff and the other defendants. So far, therefore, as the First National Bank of Lima is concerned, the right of the Chase National Bank to remove the cause is in no way affected or prejudiced by the nonjoinder of said Lima Bank in the application for the removal of the suit. The cases above cited clearly establish this proposition in the opinion of the court.

How stands the case in respect to the defendant Simon? Was the controversy between him and plaintiff separable and distinct from that between the plaintiff and the Chase National Bank? Or, rather, has not the Chase National Bank a distinct and separable controversy with the plaintiff in respect to the paper which plaintiff seeks to have declared invalid and canceled? The paper was negotiable by the law merchant. It bears date and was made payable at Lima, Ohio. It was indorsed in blank by the payee, and acquired by the Chase National Bank, as alleged, for a valuable consideration, before maturity, (presumably,) and without notice of the frauds charged against defendant Simon in procuring the execution and delivery of the paper to himself. Under these circumstances, the right of said Chase National Bank to enforce payment of the note against the maker presents a controversy with plaintiff entirely separable from that between plaintiff and said Simon. The controversy between plaintiff and Simon involves the question whether the latter obtained the note by fraud or fraudulent representations, and without consideration, so as to entitle plaintiff to relief as against him.

It not being alleged that the Chase National Bank was a party to or cognizant of such fraud, it would not be concluded, or even affected, by an adjudication in plaintiff's favor on that point, if it obtained the note before maturity, for value, and without notice. If the alleged frauds should be established against Simon, the Chase National Bank might be put to the necessity of proving the consideration it paid for the paper, and the further facts that it acquired the same before maturity, and without notice of Simon's frauds in procuring the note. The plaintiff's controversy with defendant Simon involves the question of fraud and want of consideration on his part in obtaining the note; its controversy with the Chase National Bank involves the question whether the latter is a bona fide holder of the paper for value, in due course of trade, and without notice of plaintiff's equities, if any. These are separate and distinct controversies. If it should be determined that Simon obtained the note by fraud, and without consideration, and by the transfer thereof to his codefendant had rendered the plaintiff liable for its payment, a decree might go against him for the amount of the note with interest, leaving the plaintiff liable to the Chase National Bank, as the bona fide holder thereof, for the payment of the note. The question in controversy between plaintiff and said Simon could have been litigated without the presence of the Chase National Bank as a party to the suit. Neither said bank nor Simon was a necessary and indispensable party to plaintiff's controversy with the other. In this position of the parties and of the controversies with them, respectively, it seems clear that the Chase National Bank had the right on its sole application to remove the cause from the state court to this court, under the authority of Barney v. Latham, 103 U. S. 205; Bacon v. Rives, 106 U. S. 99, 1 Sup. Ct. Rep. 3; and Fraser v. Jennison, 106 U. S. 194, 1 Sup. Ct. Rep. 171. The plaintiff's motion to remand the case to the state court from which it was removed is accordingly denied, with costs, to be taxed against plaintiff.

The motion of the Chase National Bank to quash the summons issued for it by the common pleas court of Allen county, Ohio, and to set aside the service and return of the sheriff of New York county on said summons, on the ground that said common pleas court had no jurisdiction or authority to issue said summons, and the sheriff of New York county, N. Y., no power or authority to execute said process and make return thereof, is also denied. It is undoubtedly true that one state cannot send its process into another state to be served, and thereby acquire any jurisdiction over the person of the nonresident. It is equally true, both under state and federal statutes, that a nonresident may be notified by publication or by personal service of notice upon him of the pendency of proceedings in rem, intended to affect the title to or fix liens upon property within the jurisdiction of court and state, so as to bind such nonresident's interests or rights in the property itself. Whether the plaintiff's suit in the common pleas court of Allen county, Ohio, was of this latter character, and whether the statutory or Code provisions of the state of Ohio authorized the mode of service upon said defendant adopted, it is not deemed necessary to consider or determine. The settled rule of this

circuit is that a defendant who removes a suit from a state court to the circuit court of the United States will not be heard in this court to question the fact that he was properly before the state court when such removal was effected. The right of removal involves by necessary implication the assumption that there is a valid and subsisting suit pending in the state court against the removing party. It is only the controversy involved in such state suit that is intended to be removed. There is nothing in the removal section of the acts of 1887, 1888, or of previous acts, to warrant the idea that a defendant could remove a cause from the state court to the circuit court of the United States in order merely to have the latter court pass upon and determine the question whether such defendant was properly before the state court. If the defendant does not raise the question in the state court as to whether he has been properly served or is properly before such court before presenting his application for and obtaining a removal of such suit to the United States circuit court, he should, it seems to us, be deemed to have waived or abandoned such objection. The federal statutes do not make the question of the validity or invalidity of the service under which a defendant is brought before a state court any ground for removing a suit. The right of removal depends upon the existence of an actual pending suit, which may determine the matter of controversy involved in the litigation between the plaintiff and the removing defendant. The removing party is required to state in his petition the pendency of the suit, the diverse citizenship of the parties at the commencement of the suit and at the date of application for removal, the controversy and amount involved, etc. If, after effecting the removal of the suit, with the controversy or controversies it involves, the defendant may then successfully, in this court, impeach the validity of the service under which he was brought into the state court, and thereby cause the suit to be dismissed as to him, it will result that the jurisdiction of the court which he has voluntarily invoked to hear and determine the matter of controversy between the plaintiff and himself will be defeated. Having, of his own motion, transferred the suit to this court, the defendant should not be heard here to say that he was not properly brought into the state court, and that the suit against him should therefore be dismissed from the circuit court to which he had it removed for trial upon its merits. With great deference for the opinion of Judge Wallace, who, in the case of Bentlif v. Finance Corp., 44 Fed. Rep. 667, held that a removing defendant had the right in the circuit court to move to quash the service under which he was brought before the state court from which the suit was removed, this court is of the opinion that the contrary rule, as laid down and enforced in this circuit, presents the sounder view on this question, and should be adhered to. The motion of the Chase National Bank to quash the summons served upon it and the sheriff's return thereof is accordingly denied, with costs, to be taxed.

The motion of the First National Bank of Lima, Ohio, to dissolve the injunction granted against it should be sustained. The note in controversy is now past due, and cannot be further negotiated, so as to affect or prejudice the plaintiff's rights in any way. Besides this, the

pendency of the suit will operate lis pendens notice to the world of the plaintiff's claims in reference to the same. There is no allegation that either of the defendants the Chase National Bank and Simon are insolvent, or are about to make any improper disposition of the subject-matter of the controversy. The First National Bank of Lima occupying the position merely of a stakeholder or collecting agent of the Chase National Bank, should not be kept under an injunction restraining it from surrendering this past-due note to its principal, there being nothing to show that said plaintiff (the Chase National Bank) is in any way irresponsible. The motion of the First National Bank of Lima is accordingly sustained, and said injunction against it will be dissolved. The costs of its motion will be taxed against the plaintiff.

The clerk of the United States circuit court for the northern district of Ohio, western division, will make upon the minutes of said court entries in conformity with the foregoing rulings upon the several motions.