## AHLHAUSER *v.* BUTLER *et al.*

*(Circuit Court, E. D. Wisconsin.* June 6, 1892.)

1. REMOVAL OF CAUSES—WAIVER OF OBJECTIONS—JURISDICTION OF STATE COURT.
    The filing of the petition for removal of a cause from a state to a federal court is no waiver of an objection that the state court was without jurisdiction of the cause for want of personal service of process, and of a *res* to support service by publication. *Atchison* v. *Morris*, 11 Fed. Rep. 582, followed.

2. SAME—GARNISHMENT—PRIOR FEDERAL SUIT.
    B., a nonresident, brought suit in the federal circuit court against C., a resident, to recover moneys due. Pending that action, and before trial, A., a resident, brought suit in the state court against B., and therein garnished C. as debtor of B. B. filed a petition for removal of the suit to the federal circuit court. *Held,* that the pendency of the suit against C. in the federal court, being *in personam* only, did not deprive the state court (and the federal court, on removal) of jurisdiction of the garnishment, which was a proceeding *in rem,* though no judgment should have been rendered against the garnishee had the suit remained in the state court.

3. SAME—PLEA OF PRIOR SUIT.
    Whether, both suits being now within the same jurisdiction, the plea of prior suit within another jurisdiction is longer availing, *quære.*

At Law. Action by William Ahlhauser against William Allen Butler and others. Heard on motion to dismiss for want of jurisdiction. Motion denied.

*Charles Quarles,* for the motion.

*W. H. Timlin* and *C. H. Hamilton,* opposed.

JENKINS, District Judge. The defendants, citizens of New York, brought suit in this court against Messrs. Cotzhausen, Sylvester & Scheiber, citizens of Wisconsin, to recover certain moneys claimed to be owing from them. Pending that action, and before trial thereof, the plaintiff here, a citizen of Wisconsin, brought this suit in a court of the state of Wisconsin, and therein garnished the defendants in the other suit as debtors of the defendants here, and for the debt which was the subject-matter of controversy in that other suit. The garnishees answered, and *inter alia* pleaded the pendency of the prior suit against them in this court. There was no personal service of process upon the defendants, substituted service being had by publication under the state law. The basis of jurisdiction was that the debt garnished was property of the defendants within the state, and subject to attachment. Within the time for answering, and without otherwise appearing to the suit, the defendants filed in the state court their petition for the removal of the suit into this court, and it was removed accordingly. The defendants now appear specially to a motion to dismiss this suit for want of jurisdiction of the state court in this: that the debt was not subject to garnishment because of the pendency of the prior suit against the garnishees in another jurisdiction; that, therefore, no property or debt was impounded in the state court which could be subjected to the payment of the plaintiff's demand if and when ascertained, and there was no *res* for the exercise of any jurisdiction by the state tribunal.

It is objected preliminarily that the filing of the petition for removal

is a personal appearance in the suit, submission by the defendants to jurisdiction, and tantamount to personal service of process. It has been ruled in numerous cases that the filing in a state court of a petition for removal does not constitute a general appearance, or waive any want of jurisdiction of the person. *Parrott* v. *Insurance Co.*, 5 Fed. Rep. 391; *Blair* v. *Turtle*, 1 McCrary, 372, 376, 5 Fed. Rep. 394, 398; *Atchison* v. *Morris*, 11 Fed. Rep. 582; *Small* v. *Montgomery*, 17 Fed. Rep. 865; *Hendrickson* v. *Railroad Co.*, 22 Fed. Rep. 569; *Kauffman* v. *Kennedy*, 25 Fed. Rep. 785; *Miner* v. *Markham*, 28 Fed. Rep. 387; *Perkins* v. *Hendryx*, 40 Fed. Rep. 657; *Golden* v. *Morning News*, 42 Fed. Rep. 112; *Clews* v. *Iron Co.*, 44 Fed. Rep. 31; *Bentlif* v. *Finance Corp.*, Id. 667; *Reifsnider* v. *Publishing Co.*, 45 Fed. Rep. 433; *Forrest* v. *Railroad Co.*, 47 Fed. Rep. 1; *O'Donnell* v. *Railroad Co.*, 49 Fed. Rep. 689. It is said that in many of these cases the question was one of privilege, not of jurisdiction. The distinction is not apparent. General appearance to a suit works a waiver of privilege. There are also cases holding to the doctrine that the filing of a petition for removal is a general appearance to the suit and submission to jurisdiction. *Sayles* v. *Insurance Co.*, 2 Curt. 212; *Edwards* v. *Insurance Co.*, 20 Fed. Rep. 452; *Tallman* v. *Railroad Co.*, 45 Fed. Rep. 156. In *Sweeney* v. *Coffin*, 1 Dill. 73, Judge TREAT held that the filing of the petition was an appearance, within the meaning of the judiciary act, requiring its filing at the time of entering appearance. Whether appearance for that purpose should be construed as a general or special one was a question not there involved or determined. In *Bushnell* v. *Kennedy*, 9 Wall. 387, 393, 394, there are certain remarks of Chief Justice CHASE, supposed to uphold the contention that the filing of the petition for removal is subjection of the person to jurisdiction. The chief justice is speaking to the question of the jurisdiction of the federal court, not of the state court. There was undoubted jurisdiction in the state court. The exception to the jurisdiction of the federal court was held to rest in privilege of the defendant, and could be and was waived by the act of the defendant in removal of the cause; otherwise, as the chief justice observes, a nonresident defendant could remove a case from a court having jurisdiction, into a court where exception to jurisdiction rested in personal privilege, and by motion to dismiss defeat the jurisdiction of both courts. The observations of the chief justice do not warrant the construction placed upon them. In *Schwab* v. *Mabley*, 47 Mich. 512, 11 N. W. Rep. 294, it was held that defendants not served with process had not, by uniting in a petition for removal with others who had been served, appeared to the action in the state court. Judge COOLEY, in delivering the opinion, observes:

"Counsel may be correct in supposing that, if the case had been removed to the federal court, all these defendants would have been in that court. The purpose of the petition was to put the case in the federal court for the purpose of trial and final disposition, and it might well be held that the granting of the prayer of the petition subjected all the defendants to the jurisdiction of that court. But it does not follow that the defendants were before the superior court for the like purposes."

If this suggestion be correct, the removal of the cause into a federal court is operative to jurisdiction by that court of the person of the party petitioning for removal,—if the cause be a removable one,—although an unsuccessful attempt to remove would be inoperative as a general appearance in the state court. In *Construction Co.* v. *Fitzgerald*, 137 U. S. 98, 105, 11 Sup. Ct. Rep. 36, it is stated that a defendant by demurrer, petition for removal, and other proceedings, had waived all question of service of process. Whether it was intended to assert that the petition for removal alone would have that effect is uncertain. The argument that the petition for removal is subjection of the person to the jurisdiction of the one court, or the other, at least when accompanied or preceded by no formal objection to jurisdiction, is not without force. If the question were *res nova* here, it would be deserving of careful consideration. I am, however, bound by the holding of Judge DRUMMOND in *Atchison* v. *Morris*, *supra*, and, until otherwise instructed by superior authority, must hold to the contrary.

The motion presents the question whether the prior suit in the federal court against the garnishee had the effect to oust the state court of jurisdiction to entertain this suit. Failing personal service of process or voluntary subjection to jurisdiction, the proceeding in the state court was in its essential nature a proceeding *in rem*, operative only upon the liability impounded by the garnishee proceedings. *Cooper* v. *Reynolds*, 10 Wall. 308; *Pennoyer* v. *Neff*, 95 U. S. 714. If, by reason of the prior suit in the federal court, the state court had not jurisdiction over the debt of the garnishees, the proceeding was wholly void. The principle is established that, as between courts of concurrent jurisdiction, that which first obtains possession of the controversy, or of the property in dispute, must be allowed to dispose of it finally without interference or interruption from the co-ordinate court. The principle has been frequently stated and its limitation declared by the supreme court. Thus, in *Covell* v. *Heyman*, 111 U. S. 176, 182, 4 Sup. Ct. Rep. 355, it is said:

"The forbearance which courts of co-ordinate jurisdiction, administered under a single system, exercise towards each other, whereby conflicts are avoided, by avoiding interference with the process of each other, is a principle of comity, with perhaps no higher sanction than the utility which comes from concord; but between state courts and those of the United States it is something more. It is a principle of right and of law, and therefore of necessity. It leaves nothing to discretion or mere convenience. These courts do not belong to the same system, so far as their jurisdiction is concurrent; and, although they coexist in the same space, they are independent, and have no common superior. They exercise jurisdiction, it is true, within the same territory, but not in the same plane; and when one takes into its jurisdiction a specific thing, that *res* is as much withdrawn from the judicial power of the other as if it had been carried physically into a different territorial sovereignty. To attempt to seize it by a foreign process is futile and void. The regulation of process, and the decision of questions relating to it, are part of the jurisdiction of the court from which it issues."

In *Heidritter* v. *Oil Cloth Co.*, 112 U. S. 294, 5 Sup. Ct. Rep. 135, it was held that when proceedings *in rem* are brought in a state court, and analogous proceedings *in rem* in a court of the United States against the

same property, exclusive jurisdiction for the purposes of its own suit is acquired by the court first taking possession of the *res.* And upon the same grounds, wherever property has been seized by an officer of the court by virtue of its process, the property is within the custody of the court and under its control, and no other court except one of supervisory or superior jurisdiction may rightfully interfere with that possession. *Freeman* v. *Howe*, 24 How. 450; *Buck* v. *Colbath*, 3 Wall. 334. The rule rests in comity, and is in avoidance of indecorous and injurious conflicts between courts in the administration of justice. It is not, however, a rule without limitation. It is restricted to such procedure as "invade the custody of the court over the property." *Heidritter* v. *Oil Cloth Co.*, *supra*; *Railroad Co.* v. *Gomila*, 132 U. S. 478, 10 Sup. Ct. Rep. 155. Thus the possession of property by a marshal of a court of the United States under its writ against A. is a complete defense to an action of replevin by B., the rightful owner of the property, (*Freeman* v. *Howe*, *supra*; *Covell* v. *Heyman*, *supra*;) but does not prevent an action in trespass in a state court to recover the value of the property seized, (*Buck* v. *Colbath*, *supra*; *Lammon* v. *Feusier*, 111 U. S. 17, 19, 4 Sup. Ct. Rep. 286.)

The decisions upon the effect of the pendency of a prior suit by a defendant against the garnishee establish the principles: (1) The pendency of such an action in the same court will not preclude the charging of the garnishee; (2) where the two proceedings are in courts of different jurisdiction, that which was first instituted will be sustained; (3) when the garnishee, if charged, cannot avail himself of the judgment in attachment as a bar to recovery in the prior action against him, he cannot be held as garnishee. Drake, Attachm. § 621. These principles rest in the equitable consideration that the garnishee ought not to be twice cast for the same debt. Within these principles, and by the decision in *Wallace* v. *McConnell*, 13 Pet. 136, the garnishees here, the suit remaining in the state court, ought not to be charged, because they could not, in the prior suit against them in this court, plead payment of judgment in attachment in satisfaction, in whole or in part, of the claim asserted against them. But does it follow that therefore the state court was without jurisdiction? I think not. The debt of the garnishees was liable to be impounded to satisfy the demand of the plaintiff. If exempt therefrom, it was only because of the prior suit. But that was a suit *in personam.* The court in which it was depending, although one of different jurisdiction, had no custody of property subject to be interfered with by the suit in the state court. If both suits were *in rem,* touching the same property, the court last asserting control would not be ousted of jurisdiction. It could proceed so far as its action would not have the effect of avoiding the jurisdiction of the court first exercising jurisdiction. *Heidritter* v. *Oil Cloth Co.*, *supra*. Here the one suit was to declare liability, the other to subject that liability to satisfaction of another debt. It is true that the federal court, in assertion of its rightful jurisdiction, would not permit any action of the state court in the subsequent suit to stay its hand in declaring the debt or in enforcement of satisfaction of it. But that is not

denial of jurisdiction. It is subordination of jurisdiction. It does not follow that because one court has obtained jurisdiction of the parties and the subject-matter of an action, another court of co-ordinate jurisdiction may not also acquire jurisdiction in another suit and over the same subject-matter. Thus the pendency of one suit would not abate a subsequent suit in another jurisdiction between the same parties for the same cause. *Stanton* v. *Embrey*, 93 U. S. 548, 554; *Insurance Co.* v. *Brune's Assignee*, 96 U. S. 588; *Gordon* v. *Gilfoil*, 99 U. S. 168, 178. It is true that here, the suits remaining in different jurisdictions, the garnishees ought not to be charged. That is a rule of decision, not of jurisdiction. It would doubtless have been proper in the state court to stay its hand until the federal court had exhausted its jurisdiction, (*Clifton* v. *Foster*, 103 Mass. 233,) or, proceeding, to have held the garnishee acquit within the principles stated. But it had jurisdiction to stay its proceedings; to determine the liability of the garnishee, and to determine it erroneously; and, upon discontinuance or dismissal of the suit in the federal court, to proceed to adjudge and enforce the liability of the garnishee. The whole matter rests in comity, and is not availing to destroy jurisdiction. Its exercise might be inoperative as against the defendants, however effectual it might prove through erroneous decision against the garnishee.

The removal of the suit into this court draws to it jurisdiction over the ancillary proceeding against the garnishees. *Pratt* v. *Albright*, 10 Biss. 511, 9 Fed. Rep. 634; *Cook* v. *Whitney*, 3 Woods, 715, 719. While without jurisdiction of the persons of the defendants, this court, by virtue of the removal acts, takes the jurisdiction possessed by the state court over the *res*, and may rightfully determine the liability of the garnishees. Whether, the proceeding being now removed into this court by the procurement of the defendants, and, in the language of the removal act "to proceed in the same manner as if it had been originally commenced" in this court, the plea of prior suit in this jurisdiction is longer availing, is a question not arising upon this hearing. The motion to dismiss is overruled.