## BURGUNDER v. BROWNE et al.

### (Circuit Court, D. Washington, S. D. December 11, 1893.)

**1. REMOVAL—TIME OF FILING PETITION IN FEDERAL COURT.**

It is sufficient excuse for not filing the petition in the federal court on the day regularly set for the beginning of the first term after the petition and bond were filed in the state court, being November 5th, that defendant's attorney inquired of the clerk when the term would begin, and was told that the first day would be December 5th; it appearing that, owing to the absence of the judge, no court was held until that date.

**2. SAME—SEPARABLE CONTROVERSY.**

Where a part of the relief asked is that certain promissory notes, not yet due, which are alleged to have been given by certain of the defendants in consideration of an alleged fraudulent conveyance, and transferred by the payee to the other defendants as collateral security for alleged indebtedness, be surrendered up by the latter, and returned to the makers, such makers have no separable controversy from the holders of the notes; nor has one holder a separable controversy from the other holders, all being jointly interested in the notes as collateral security.

In Equity. Bill by B. Burgunder, receiver of the McConnell-Chambers Company, to subject assets of the corporation alleged to have been conveyed to defendant R. S. Browne and others. Heard on motion of plaintiff to remand to the state court. Granted.

Cox, Teal & Minor, for complainant.
Phillip Tillinghast, for defendants.

GILBERT, Circuit Judge. This cause was removed to this court from the superior court of the state of Washington for Whitman county upon the separate petitions of Browne and Maguire, defendants, citizens of Idaho, and the Vermont Loan & Trust Company, a corporation created under the laws of Dakota, upon the ground that, as to each of said petitioning defendants, the plaintiff's cause of suit was a separable controversy. Motion is now made to remand upon two grounds: First, that the transcript was not filed in this court in apt time. Second, that the controversy is not separate or separable as to either of said defendants.

The suit is brought by B. Burgunder, a citizen of Washington, the receiver of the McConnell-Chambers Company, an insolvent corporation, to subject to the payment of debts of said corporation certain property which is alleged to have been transferred to the defendants. The bill of complaint alleges: That the insolvent corporation, for the purpose of defrauding its creditors, fraudulently transferred to said Browne & Maguire, for a consideration of $50,841.68, a stock of merchandise, the true value of which was $67,189.37, and that in payment therefor the said corporation received from the said defendants a debt of W. J. McConnell, one of the members of said corporation, amounting to $8,500, but which was of no value whatever; certain shares of stock in another corporation, taken at $1,600, but actually of no value; a certain stock of hardware, taken at $7,500, but worth no more than $3,000; the assumption by said defendants of certain outstanding liabilities

of the insolvent corporation upon coupons, amounting to $5,145.75; the remainder in the promissory notes of said defendants, payable in one and two years from date. That the stock of hardware has been mortgaged to certain other defendants to secure an alleged indebtedness of $5,000 due from said insolvent, and the said promissory notes have been transferred and delivered to the Vermont Loan & Trust Company, the Pullman State Bank, a corporation of the state of Washington, and to R. M. Sherman and J. W. Corbett, whose citizenship is not stated, as security for an alleged debt due them from said insolvent, the amount of which debt is elsewhere in the bill declared to be unknown to the complainant.

The prayer of the bill is for a general accounting by the various defendants to whom the assets of the corporation have been transferred, and that the transfer to Browne & Maguire be set aside, and that the property sold to them by the insolvent be surrendered to the complainant, upon the delivery by the complainant to the said defendants of the said promissory note of McConnell for $8.500, and their own notes, when delivered up by the parties to whom the same were transferred by the insolvent, and that, in case said notes cannot be so delivered up, the said defendants Browne & Maguire be allowed credit for the same upon the said sale, and that the Vermont Loan & Trust Company, and the other defendants to whom said notes and other choses in action have been transferred, be decreed to surrender the same to the receiver, and that the assets and property of said corporation be reduced to money, and an account taken of its indebtedness to all of the defendants, and that the moneys realized be paid pro rata upon the debts of said corporation.

It is claimed that the cause should be remanded because the transcript was not filed on the first day of the present term of this court. The first term of this court after the petition and bond for removal were filed in the state court was regularly set for the 5th day of November; but, owing to the absence of the judge, no court was held until the 5th day of December, at which date the transcript was filed. It satisfactorily appears by the affidavit of the attorney representing the defendants that he made inquiry of the clerk as to the time when the term would begin, and was informed that the first day of the term would be the 5th day of December. This excuse is sufficient, under the authority of Railroad Co. v. Koontz, 104 U. S. 5; Hall v. Brooks, 14 Fed. 113; and the motion to remand upon that ground must be denied.

The conditions under which a cause may be removed to the federal courts upon the ground that, as to the parties removing the same, a separable controversy exists, are defined in the case of Fraser v. Jennison, 106 U. S. 191, 1 Sup. Ct. 171, in which Mr. Chief Justice Waite said:

"There must exist in the suit a separate and distinct cause of action, on which a separate and distinct suit might properly have been brought, and complete relief afforded as to such cause of action, with all the parties on one side of that controversy citizens of different states from those on the other."

Applying the doctrine of that decision to this case, it will be seen that the cause of suit, either as to Browne & Maguire or the Vermont Loan & Trust Company, is not separable. In the case of the Vermont Loan & Trust Company, it is alleged that that corporation, together with several other defendants, has received the promissory notes which were given by Browne & Maguire, together with numerous other assets of the insolvent corporation, as security for the debt which the corporation owed them. The Vermont Loan & Trust Company is jointly interested in these securities with the other parties to whom they are transferred, and the rights of the Vermont Loan & Trust Company cannot be determined without the presence of the others.

In the case of Browne & Maguire, it is shown that the promissory notes which they gave as part of the purchase price of the property received by them, which notes amounted to more than $28,000, and are not yet due, are part of the securities transferred to the Vermont Loan & Trust Company and to the other defendants. A portion of the relief prayed for is that these notes be delivered up by the parties to whom they are transferred, and that they be surrendered back to Browne & Maguire. The Vermont Loan & Trust Company, and the others interested with it in these securities, must necessarily be brought into a suit which has this object in view. It is urged that the Vermont Loan & Trust Company and the other defendants holding the securities have no interest in the controversy between the complainant and Browne & Maguire, because it is alleged in the bill that the transfer of securities to them was fraudulent, and that they have no real interest in the same; and reference is made to the case of Barney v. Latham, 103 U. S. 205, which holds that the presence of a formal defendant against whom no relief is sought will not defeat the right of the real party defendant to the removal of the suit, and to the case of Construction Co. v. Simon, 53 Fed. 1, where it was held that a party occupying the position of a stakeholder or garnishee was not a necessary party to the controversy. In this case, however, it does not appear that the persons to whom the securities were transferred are formal parties, or that they hold a position analogous to that of a stakeholder or garnishee. It does not appear from the bill that these parties admit that they have no real interest in the notes. On the other hand, it is averred in the bill that the securities were transferred to the parties holding the same, to secure an indebtedness, but that the amount of the indebtedness is not known. Nothing appears in the bill from which the court may infer that the right of these defendants to the securities they hold will not be asserted and prosecuted in this suit.

The motion to remand is allowed.