FT. WAYNE ELECTRIC CORP. v. FRANKLIN ELECTRIC LIGHT CO. et al.

(Circuit Court, D. New Jersey. January 16, 1899.)

APPEARANCE—WAIVER OF PROCESS—REMOVAL OF CAUSE.

A suit is only removable after it has been regularly commenced by service of process on the defendant; and, by appearing in the state court and filing a petition for removal, a defendant waives any objection to the sufficiency of the service upon him, notwithstanding the fact that his appearance was stated to be special, for the purpose of the removal only.

Heard on Motion to Set Aside the Service of Process.

Thomas N. McCarter and S. H. Grey, for the motion.

D. J. Pancoast, opposed.

KIRKPATRICK, District Judge. This suit was brought in the supreme court of the state of New Jersey. The service of the original writ to bring defendant in court was admittedly insufficient. Subsequently a qualified appearance was entered on behalf of the said defendant for the sole purpose of removing the cause to this court. The motion now is to set aside the service of the original process because defective. The only question to be determined by the court is whether, by its qualified appearance in the state court, and the removal of the cause to this circuit court, the defendant has waived the defective service.

The 12th section of the judiciary act (1 Stat. 79) provides that:

"If a suit be commenced in any state court * * * and the defendant shall at the time of entering his appearance in such state court file a petition for the removal of the cause for trial into the next circuit court * * * it shall be the duty of the state court * * * to proceed no further in the cause * * * and the cause shall then proceed in the same manner as if it had been brought by original process."

The object of the act was to confer a privilege upon defendants; to enable them to have suits against them prosecuted before a new tribunal,—one of their own choosing,—and to have the cause proceed therein as if it had been brought by original process. The purpose of the petition was to put the case in the federal court for trial and final disposition. Its filing was the voluntary act of the defendant, and a right which the statute accords to defendants in legally pending suits only. If no suit were pending, then there was not a suit properly removable. In considering the character of suits which may be removed from state to federal courts under the act of congress, the supreme court of the United States, in the case of West v. Aurora City, 6 Wall. 139, use this language: "A suit removable from a state court must be a suit regularly commenced * * * by process served upon the defendant;" and the principle so laid down is quoted with approval in Bushnell v. Kennedy, 9 Wall. 387. In Schwab v. Mabley, 47 Mich. 512, 11 N. W. 294, where the question arose incidentally, Judge

Cooley said that the granting of the prayer of the petition for removal subjected the defendant to the jurisdiction of the federal court; and Mr. Justice Jackson, in Construction Co. v. Simon, 53 Fed. 1, held that "the right of removal involves the assumption that there is a valid and subsisting suit pending in the state court against the removing party." The effect of the defendant's petition was to bring the cause into the federal court for trial, and "by bringing it here he voluntarily treats it as properly commenced and actually pending in the state court, and he cannot, after it has been entered here, treat it otherwise." Sayles v. Insurance Co., Fed. Cas. No. 12,421. "A defendant who removes a cause to the federal courts will not there be heard to say that he was not properly brought before the state court when such removal was effected." Construction Co. v. Simon, supra. The question presented to the court here in this case was directly in issue in the case of Caskey v. Chenoweth, 23 U. S. App. 384, 10 C. C. A. 605, and 62 Fed. 712, and determined in the circuit court of appeals for the Fifth circuit. His honor, Judge Pardee, in delivering the unanimous opinion of the court, laid down the rule that "a defendant, by appearing in a state court and filing a petition for the removal of the cause to a federal court, waives any objection to the sufficiency of the service upon him of the summons, notwithstanding the fact that the appearance is stated to be specially for the purpose of removal." It is true, as suggested by counsel, that the defendant also filed a plea or answer in the cause after removal; but that fact does not seem to have entered into the consideration of the court in laying down with unqualified approval the above-stated principle. My attention has not been directed to, nor do I find, any decision of any circuit court of appeals upon the question raised, other than those quoted above; and, while it has been said that a different practice has heretofore prevailed in this circuit, I find by an examination of the case referred to that no reasons were given by the court for the decree entered therein, and that it may well be that the mind of the court was influenced by other considerations than those now urged. The rule will be discharged, and an order may be entered requiring the defendant to plead within five days after service on it of a copy of the order.