## GOOD HOPE CO. *v.* RAILWAY BARB FENCING CO.

*(Circuit Court, S. D. New York. December 30, 1884.)*

PRACTICE—SERVICE ON FOREIGN CORPORATION—REV. ST. § 739.

    A foreign corporation is not "found" within a district, within the meaning of section 739 of the Revised Statutes, for the service of process, when its president comes temporarily into such district upon the business of the corporation, such corporation having no office or place of business therein, and not having transacted any business therein, except that which the president came to settle.

At Law.

*Martin & Smith*, for plaintiff.

*MacFarland, Reynolds & Harrison*, for defendant.

WALLACE, J. The question raised by this motion is whether jurisdiction is acquired in an action brought against a foreign corporation, by the service of process on its president while in this district, although the corporation has no office or place of business within this state, and is not engaged in business here, except that it has made occasionally a purchase of goods by sending an agent here for that purpose. Its president came here to adjust a controversy between

it and the plaintiff growing out of such a purchase, and was then served with the summons in this action. Stated in another form the question is whether a foreign corporation is "found" here, within the meaning of section 739, Rev. St., for the service of process, when its president is temporarily here upon the business of the corporation. Jurisdiction of the person is acquired by the courts of the United States only when the party sued is an inhabitant of or found within the district where the writ is served; and the laws of the state can neither extend, nor restrict the conditions upon which jurisdiction depends.

It was intimated in *Merchants' Manuf'g Co.* v. *Grand Trunk Ry. Co.* 13 FED. REP. 358, that a commercial corporation may be deemed constructively present, for the service of process upon it, outside the state of its incorporation, wherever it has property and carries on its operations by its agents; but the point was not decided because it was not necessary to decide it in that case. Some of the authorities upon the subject are cited in the opinion in that case. When a corporation has so far identified itself with a locality beyond the state of its creation and domicile as to be found there for practical business purposes, it is reasonable to treat it as there also to respond to its obligations when called upon to do so in the courts of that locality. Accordingly, the tendency of later judicial opinion is in favor of relaxing the strictness of the former rule that process against a corporation must be served on its head or principal officer within the jurisdiction of the sovereignty where this artificial body resides. The inconvenience and practical injustice of permitting corporations to invoke the comity of a foreign state, for the exercise of their franchises and the transaction of their business, and at the same time to obtain exemption from suit, have been met by legislative enactments in many states authorizing the service of process, in such cases, upon the agents of the corporations. The judgments obtained in suits thus commenced by service upon such agents, pursuant to the laws of the state, are valid everywhere, provided the corporation was engaged in business in the state, and service was made upon an agent there, actually representing the corporation at the time.

The Code of Civil Procedure of this state provides that an action may be commenced against a foreign corporation by delivering a copy of the summons to the president, secretary, or treasurer thereof. Section 432. As construed by the highest court of the state, this statute permits effectual service to be made, although the officer served is not here in his official capacity, or in the business of the corporation. *Pope* v. *Terre Haute Car Co.* 87 N. Y. 137. Such a law was characterized in *Moulin* v. *Trenton Ins. Co.* 24 N. J. Law, 222, 224, as "so contrary to natural justice and to the principles of international law, that the courts of other states ought not to sanction it."

It is quite clear that service of process upon an agent of a foreign corporation while merely casually present in the state is not equiv-

alent to a personal service upon an individual in conferring jurisdiction upon a court to render a personal judgment; and such a judgment would be treated as void for want of jurisdiction by other tribunals than those of the state where it was obtained. The authorities may be found in the note to section 522, Mor. Priv. Corp. The subject has recently been considered by the supreme court of the the United States in *St. Clair* v. *Cox*, 106 U. S. 350, S. C. 1 Sup. Ct. Rep. 354, and Mr. Justice FIELD, speaking for the court, said:

"We are of opinion that, when service is made within the state upon an agent of a foreign corporation, it is essential, in order to support the jurisdiction of the court to render a personal judgment, that it should appear somewhere in the record that the corporation was engaged in busines in the state."

A corporation ought not to be deemed "found" within the meaning of section 739, unless it is so far constructively present at the place where its agent is served with process that a judgment against it would be respected everywhere and be given full force and efficacy in other jurisdictions. Where a corporation is not engaged in business in this state there is no room for implying its consent to come here to litigate with a citizen of this state or of a foreign state. In this case the president of the defendant was here in his representative character, but the corporation had never been practically engaged in business here. It had made purchases here occasionally, but it could have made them by correspondence as well as by the presence of its agents here. If the purchases had been made by correspondence it could be as logically urged that the corporation was engaged in business here as it can be now. Instead of writing, its agent came here in person. As it has never kept an office here, or carried on any part of its business operations here, or been engaged in any business here, which required it to invoke the comity of the laws of the state, it was not "found" here for the purpose of being sued. The motion to vacate the service of the process is granted.