## GOLDEN *v.* THE MORNING NEWS OF NEW HAVEN.[1]

*(Circuit Court, E. D. New York.* March 31, 1890.)

WRITS—SERVICE OF PROCESS—FOREIGN CORPORATIONS—JURISDICTION OF STATE COURT.
 In an action by a resident of New York against a foreign corporation, which does not do business, or have office, agent, or property within the state of New York, service of process upon an officer of such corporation, while temporarily within this state, does not confer jurisdiction upon the state court from which process issued.

At Law. On motion to vacate service of process.

Plaintiff is a resident of the eastern district of New York. Defendant is a Connecticut corporation. The action is for libel, the alleged libelous article having been published in defendant's newspaper. The defendant does not do business here, nor has it either office, agent, or property within this state. Summons and complaint, entitled "In the Supreme Court in the County of Kings," were served upon Henry W. Farnam, the president of defendant, while temporarily within the state of New York. Defendant appeared and filed petition of removal, and now moves to set aside service of the summons. The appearances, both in the state court and here, were special, and expressed to be for the sole purpose of raising the objection now advanced.

*M. L. Towns,* for plaintiff.

*H. B. B. Stapler,* for defendant.

LACOMBE, J. It has been held in this circuit that service such as this does not confer jurisdiction upon the state court to render a personal judgment against the defendant, and that such judgment, had the case not been removed, would be treated in this court as void. *Good Hope Co. v. Railway Barb Fencing Co.,* 22 Fed. Rep. 635. That decision determines the question raised here. Motion to vacate service of the process is granted.

---

[1]Reported by Edward G. Benedict, Esq., of the New York bar.