### BENTLIF *v.* LONDON & COLONIAL FINANCE CORP., Limited.

*(Circuit Court, S. D. New York. December 23, 1890.)*

1. SERVICE OF PROCESS—FOREIGN CORPORATIONS.
    Where an action against a foreign corporation, which neither does business nor has a place of business or property in New York, is begun under Code Civil Proc. N. Y. § 432, by service upon a director thereof, found in the state, but not there in any official capacity or in the business of the corporation, the court acquires no jurisdiction.
2. SAME—REMOVAL OF CAUSES—DISMISSAL OF SUIT.
    Defendant may have such suit dismissed on the ground that the state court acquired no jurisdiction even after removing it to the federal court

At Law.
*Lester W. Clark,* for plaintiff.
*A. W. Evarts,* for defendant.

WALLACE, J. Two questions arise in this case: *First,* whether the state court from which this suit was removed acquired any jurisdiction to render a judgment in the action against the defendant; and, *second,* whether the defendant, after removing the suit to this court, can have it dismissed upon the ground that the state court did not have jurisdiction. The Code of Civil Procedure of this state, (section 432, subd. 3,) as construed by the highest court of the state, authorizes an action to be commenced against a foreign corporation if the cause of action arose here, which neither does business nor has a place of business or property within the state, by the service of a summons upon a director who may be found here, although when found not here in any official capacity or in the business of the corporation. *Hiller* v. *Railroad Co.,* 70 N. Y. 223; *Pope* v. *Manufacturing Co.,* 87 N. Y. 137. The question of the jurisdiction of the state court in the present case depends upon the efficacy of such a service of process. For the reasons stated in the judgment of this court in *Goodhope Co.* v. *Railway Barb-Fencing Co.,* 22 Fed. Rep. 635, a personal judgment obtained in a suit commenced by such a service only, the defendant not appearing, would not be enforced in this court. If the suit had been commenced by the attachment of property of the defendant found here a different case would be presented; but if the action in the state court had proceeded to judgment, and property belonging to

the defendant and found here had been seized and sold on execution issued upon the judgment, the defendant could have resorted to this court to recover its value upon the theory that the judgment was a nullity. *St. Claire* v. *Cox*, 106 U. S. 350, 1 Sup. Ct. Rep. 354; *Pennoyer* v. *Neff*, 95 U. S. 714. Upon the authority of these cases it seems entirely clear that the state court never acquired jurisdiction to adjudicate the action.

If the plaintiff could not have obtained a judgment in the state court which would have any validity whatever when called in question here, because of want of jurisdiction, what reason is there for denying to the defendant the right to challenge the jurisdiction at the threshold of the controversy? An alien, or a citizen of another state, sued in a state court other than that of the state in which he resides, is entitled, by removing the suit, to have all questions involved in it heard and disposed of by the federal court. The sole object of the constitutional and statutory provisions conferring jurisdiction upon federal courts in behalf of aliens and citizens of other states is that they may seek a trial and decision in these courts of questions which they are unwilling to submit to the judgment of the state tribunals. There are expressions in the cases of *Sayles* v. *Insurance Co.*, 2 Curt. 212, and *Bushnell* v. *Kennedy*, 9 Wall. 387, favorable to the contention for the plaintiff here, and to the effect that a party who has removed a suit from the state court cannot dismiss it in the federal court upon the ground that the state court did not have jurisdiction of the action. These expressions, however, were unnecessary to the decision of the cases, and since they were reported there have been numerous decisions of circuit courts to the contrary. *Parrott* v. *Insurance Co.*, 5 Fed. Rep. 391; *Atchison* v. *Morris*, 11 Fed. Rep. 582; *Small* v. *Montgomery*, 17 Fed. Rep. 865; *Hendrickson* v. *Railroad Co.*, 22 Fed. Rep. 569; *Kauffman* v. *Kennedy*, 25 Fed. Rep. 785; *Miner* v. *Markham*, 28 Fed. Rep. 387; *Perkins* v. *Hendryx*, 40 Fed. Rep. 657; *Golden* v. *Morning News*, 42 Fed. Rep. 112. The last case was a decision of this court by Judge LACOMBE. The proposition thus decided ought not to be regarded in this court as disputable. The motion by the defendant to set aside the service of process, and dismiss the suit, is granted. The motion made by the plaintiff to remand the suit to the state court is without any foundation whatever, and is denied.