is now in the hands of B. F. Fisher, as receiver of the Spring Garden National Bank, be retained and applied by him, as such receiver.

"And it is further ordered that the said J. R. Adams, as receiver as aforesaid is entitled to participate in a pro rata distribution of the assets of the said Spring Garden National Bank of the City of Philadelphia, and the receiver of said national bank, will pay and distribute accordingly the amount ascertained to be due the Penn Safe Deposit and Trust Company by this decree, in addition to the sum of thirty-four thousand nine hundred and three and seventy-four one-hundredths dollars, which appeared as a deposit to the credit of the Penn Safe Deposit and Trust Company on the books of the Spring Garden National Bank, which has been already proved and dividends paid thereon.

"And it is further ordered and decreed that there is due and owing from the Spring Garden National Bank of the City of Philadelphia the sum of two hundred and twelve thousand nine hundred and three dollars and seventy-four cents, being the total of the aforesaid sums of one hundred and seventy-eight thousand dollars for notes and thirty-four thousand nine hundred and three dollars and seventy-four cents for amount of debt proved, together with interest from April 9, 1891, amounting in all to the sum of two hundred and forty-four thousand nine hundred and three dollars and seventy-four cents, unto Josiah R. Adams, as receiver of the Penn Safe Deposit and Trust Company, plaintiff."

From this decree an appeal was taken on behalf of the bank, and numerous errors were assigned. The only one pressed however, is that which relates to so much of the decree as renders the bank responsible for the abstraction of $15,000 worth of stock deposited as security for Kennedy's worthless note, in that sum.

The facts respecting this transaction do not differ materially from those respecting the other transactions covered by the decree; and the bank was justly held responsible for it. The responsibility arises not only out of the fact that the stock was abstracted by its president for its benefit, and the proceeds applied to its use, but especially out of the circumstance that it was done in pursuance of the bank's scheme in organizing the trust company and its practice in dealing with its funds, and that it must therefore be treated as having been done with its knowledge and approbation. It is unimportant that Kennedy owed the bank money and that the amount raised from the stock was credited to him. The bank was in trouble and the stock was taken for and applied to its relief, in pursuance of its design in organizing the trust company and its practice in dealing with it. The organization of the company and the use made of it was a plain fraud on the public and depositors, for the consequence of which the decree justly makes the bank responsible. It is therefore affirmed.

---

## AMERICAN WOODEN-WARE CO. v. STEM et al.

(Circuit Court, S. D. New York. July 14, 1894.)

WRITS—SERVICE ON FOREIGN CORPORATION.
Service on foreign corporation by serving its secretary while temporarily in the state in attendance on a federal court to testify as a witness in a cause to which such corporation was a party, *held* invalid, it appearing that such corporation did no business in the state except selling goods through a traveling salesman, and in one instance buying a

stock of goods and selling them through an agent specially appointed for that purpose. Good Hope Co. v. Railway Barb-Fencing Co., 22 Fed. 635, and Golden v. Morning News, 42 Fed. 112, followed.

This was an action by the American Wooden-Ware Company against Arthur Stem and the Oval Wood-Dish Company. Motion to vacate service of summons. The papers on this motion disclosed substantially the following state of facts:

The action was originally commenced in the supreme court for the city and county of New York by the service of a summons upon defendant company's treasurer while temporarily within the state in attendance on United States court in charge of one of the company's causes, and in expectation of testifying as a witness. Defendant company appeared on motion to vacate said service on the circumstances stated, but said motion was denied. Thereafter defendant company removed the cause to the United States circuit court, and there renewed the motion upon additional facts. The papers before the court disclosed that prior to the action the defendant company had bought in, on execution sale, a stock of goods belonging to its judgment debtor, and sold the same to various customers, in the regular course of business, through an agent especially appointed for that purpose, and residing in the state of New York. Also that the defendant company had for many years previously obtained in said state orders for its goods through a traveling salesman resident in Ohio, but that the company had no office or regular place of business, not did it transact business within the state of New York, except as aforesaid.

Walter D. Edmonds, for defendant company, appearing specially for the purpose of the motion.

Cited Good Hope Co. v. Railway Barb-Fencing Co., 22 Fed. 635, 637; Golden v. Morning News, 42 Fed. 112; Atchison v. Morris, 11 Fed. 582; McGillin v. Claflin, 52 Fed. 657; Ahlhauser v. Butler, 50 Fed. 705; Bentlif v. Finance Corp., 44 Fed. 667.

Edward Schenck, for complainant.

Cited Bryant v. Thompson, 27 Fed. 881, 883; Duncan v. Gegan, 101 U. S. 812; Estes v. Belford, 22 Fed. 275; Davis v. Railway Co., 25 Fed. 788; Carrington v. Railroad Co., 9 Blatchf. 468, 469, Fed. Cas. No. 2,448; Sweeney v. Coffin, 3 Am. Law T. Rep. U. S. Cts. 18, Fed. Cas. No. 13,686; Jones v. Andrews, 10 Wall. 327; Pope v. Manufacturing Co., 87 N. Y. 137; Ex parte Schollenberger, 96 U. S. 377.

LACOMBE, Circuit Judge. This case is within the principle of Good Hope Co. v. Railway Barb-Fencing Co., 22 Fed. 635; Golden v. Morning News, 42 Fed. 112. Motion to vacate service of process is granted.

---

NIPP et al. v. PARRISH et al.

(Circuit Court of Appeals, Eighth Circuit. October 8, 1894.)

No. 448.

PLEADING—SUFFICIENCY OF ANSWER—ACTION ON GUARANTY.
An answer to a complaint upon an alleged contract of guaranty, though loosely and inartificially drawn, and pleading the evidential instead of the ultimate facts, *held* to be sufficient, in substance, where the allegations and denials led to the conclusion that it denied that the written contract of guaranty was ever completely executed, so that it became an