## VERMILYA v. BROWN.

(Circuit Court, S. D. New York.  November 26, 1894.)

FEDERAL COURTS—JURISDICTION—SERVICE OF PROCESS.

Where a state court, by levy made under an attachment against the property of a defendant residing out of its jurisdiction and personal service on such defendant out of the jurisdiction, effected before removal, has acquired jurisdiction of the case, to the extent, at least, of being entitled to enforce its judgment against the attached property, the federal circuit court will not, where the nonresident defendant has voluntarily removed the cause, allow him to dismiss it, as to that property, on the sole ground that that court could not have acquired original jurisdiction of such property by the issue of an attachment.

This was an action by Peter B. Vermilya against Mary Brown.   It was commenced in a court of the state of New York by the issue and

levy of an attachment and service on the defendant out of that state. Defendant removed the cause to this court, and now moves to vacate the attachment, set aside the service of summons, and dismiss the action, appearing specially for that purpose.

This was a motion to vacate a warrant of attachment, to set aside service of summons without the state, and to dismiss the action. The action was originally brought in the state court, and a warrant of attachment issued September 11, 1894, against the property of the defendant, on the ground that she was a nonresident. Immediately thereafter, notice of the attachment was filed in the office of the county clerk, whereby, under section 649 of the New York Code of Civil Procedure, a levy was made upon certain real estate of the defendant situated in New York City. On October 9, 1894, an order was entered authorizing service of the summons upon defendant by publication, or without the state, and personal service without the state was made pursuant to that order. Under the law of the state, when a defendant is thus served, and he does not voluntarily appear, any judgment which may be obtained against him in the action can be enforced only against the property which has been levied upon by virtue of the warrant of attachment. Code Civ. Proc. N. Y. § 707. Subsequent to service, and on October 26, 1894, a petition and bond was presented to the state court for removal of the cause to this court, and on October 30th the record was duly filed here. There has been no personal service of the summons within the jurisdiction of this court or of the state court. The defendant resides in and is a citizen of New Jersey. Her appearance in obtaining the removal was special, and for that purpose alone. Her appearance now is special, and for the purpose of this motion only.

A. G. N. Vermilya, for plaintiff.
Howard A. Taylor, for defendant.

LACOMBE, Circuit Judge (after stating the facts). There is a distinction to be made between this case and those heretofore decided in this circuit, and cited on the argument, namely: Good Hope Co. v. Railway B. F. Co., 22 Fed. 635; Golden v. News, 42 Fed. 112; Bentlif v. Finance Corp., 44 Fed. 667; and Clews v. Iron Co., Id. 31. In those cases the service of process in the state court had given that court no jurisdiction, either of the person or of the property of defendant; and under the doctrine laid down in St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354, and Pennoyer v. Neff, 95 U. S. 714, the federal courts would have treated any judgment rendered in the state court upon such service as a nullity. In the case at bar, however, the state court had, even under the theory of the United States supreme court decisions above cited, acquired jurisdiction of the property attached within the state.

When a precisely similar point was presented in McKay v. Central Railroad & Banking Co. of Georgia [no opinion], this court, the writer then sitting, followed the opinion of Judge Colt in Perkins v. Hendryx, 40 Fed. 657, and dismissed the summons and attachment. But attention was not at that time called to Railroad Co. v. Estill, 147 U. S. 591, 13 Sup. Ct. 444. Although much of that opinion is obiter, it affords a strong indication of the views of the supreme court upon the questions raised here. In conformity thereto, it should be held that where the state court has, by levy made under attachment and personal service effected before removal, properly acquired jurisdiction of the case, to the extent, at least, of being entitled to enforce

its judgment against such property, the federal circuit court will not, where the nonresident defendant has voluntarily removed the cause, allow him to dismiss it as to that property, on the sole ground that this court could not have acquired original jurisdiction of such property by the issue of an attachment. The motion is denied.