GARNER v. SECOND NAT. BANK OF PROVIDENCE et al.

(Circuit Court, S. D. New York. March 12, 1895.)

**1.** REMOVAL OF CAUSES—APPEARANCE.

An appearance in a state court, specially, for the purpose of removal to a federal court, the removal itself, and the filing of the record of the cause in the federal court do not constitute a general appearance in the action, nor cut off the defendant from contending that the service of process gave the state court no jurisdiction, and that an attachment issued in the action was without authority. Construction Co. v. Simon, 53 Fed. 1, disapproved.

**2.** SAME—REMOVAL BY ONE OF SEVERAL DEFENDANTS.

Where an action is brought in a state court by a citizen of one state against several defendants, all citizens of another state, any one of such defendants, without the others, may remove the cause to a federal court, though it contains but a single controversy. Insurance Co. v. Champlin, 21 Fed. 85, followed.

**3.** JURISDICTION—SERVICE OF PROCESS—ATTACHMENT AGAINST NATIONAL BANK.

Where an action is commenced in a state court, by a citizen of the state, against a national bank located in another state, and service is made only by attachment of the property of such bank, and by publication of the summons or service thereof out of the state, the attachment, being prohibited by Rev. St. § 5242, should be vacated, and the service set aside and declared void.

J. Langdon Ward, for the motion.

T. M. Tyng, opposed.

LACOMBE, Circuit Judge. The plaintiff, a resident of New York, brought her action in the state court against defendant national bank and two individuals, all residents of Rhode Island. A warrant of attachment was taken out against the property of all three defendants, and certain moneys of the defendant bank were attached in the hands of the Fourth National Bank of this city. The usual order of publication was made, and all three defendants were personally served with the summons (November 7th and 8th) in the state of Rhode Island. On January 7, 1895, apparently within the time to answer allowed by the New York Code of Civil Procedure, defendant filed its petition and bond for removal, indorsed in the name of its attorneys, "appearing specially for the purposes of this application only." On January 16th a duly-certified record was filed in this court. Thereafter the defendant bank made this motion, under an order to show cause. The relief asked is that the attachment against the bank be vacated and set aside, and the service of summons on said defendant be set aside and declared void. Pending the motion, an order was made ex parte, on plaintiff's motion, discontinuing the action, the court at the time supposing there had been no appearance whatever by the defendant bank. As plaintiff now concedes that, in view of the statement of the court to that effect made upon the argument, it is proper that the order of discontinuance should be vacated, this motion may be considered as if such a vacatur were already entered.

The appearance in the state court specially for the purpose of removal, the removal proceedings themselves, and filing of the

record in this court do not constitute a general appearance in the action, nor cut off defendant from contending that the service of process gave the state court no jurisdiction, and that the attachment was issued without authority. The case cited from the Sixth circuit (Construction Co. v. Simon, 53 Fed. 1) is not followed in this nor in several of the other circuits. See, in this circuit, Good Hope Co. v. Railway Barb Fencing Co., 22 Fed. 635; Golden v. Morning News, 42 Fed. 112; Bentlif v. Finance Corp., 44 Fed. 667; Clews v. Iron Co. Id. 31; Wooden-Ware Co. v. Stem, 63 Fed. 676; Vermilya v. Brown, 65 Fed. 149; in the First circuit, Perkins v. Hendryx, 40 Fed. 657; in the Sixth circuit, Brooks v. Dun, 51 Fed. 140; in the Seventh circuit, Atchison v. Morris, 11 Fed. 582; Ahlhauser v. Butler, 50 Fed. 706. And see, also, Goldey v. Morning News (decided yesterday in United States supreme court) 15 Sup. Ct. 559.

It is objected by plaintiff that the case was not properly removed, since all the defendants did not join in the petition. The two individual defendants who were impleaded with the bank are residents of Rhode Island. So far as appears, they have no property in this state upon which the attachment might be levied. Without such levy, service by publication or personal service upon them without the state conferred no jurisdiction on the state court. It is quite natural, therefore, that they did not concern themselves about removing a cause, all proceedings in which, so far as they were concerned, would be wholly void. Does their failure to unite in the petition of removal, however, deprive the defendant bank, also a resident of Rhode Island, of the right to remove? The second clause of section 2 of the act of 1887 provides that:

"Any other suit [other than such as involve a federal question] of a civil nature, at law or in equity, of which the circuit courts of the United States are given jurisdiction by the preceding section [e. g. a suit in which there shall be a controversy between citizens of different states], * * * may be removed into the circuit court of the United States for the proper district by the defendant or defendants therein being non-residents of the state."

It has been held that a petition by all the defendants is essential to a removal under this clause. The third clause of the same section reads as follows:

"When in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit," etc.

This clause is identical with the second clause of the second section of the act of 1875, except that the words "plaintiffs or" have been omitted. The act of 1875 was carefully and fully considered by Judge Brown, sitting in this court, in Insurance Co. v. Champlin, 21 Fed. 85, and the conclusion reached that, under the specified conditions, the cause might be removed by one of several defendants, even though the suit contained but a single controversy. A different conclusion has been reached in other circuits (Thompson v. Railway Co., 60 Fed. 773); but, in the absence of controlling authority, the former decision of this court should be followed here. Undoubtedly, there are many decisions of the supreme court which

on a first reading would seem to imply that this last-quoted clause (whether in the act of 1875 or 1887) applied only where the suit contains more than one controversy. But, when these cases are examined, it will be found that in each and all of them there was, at least, one defendant a citizen of the same state as one or more of the plaintiffs; and, of course, in such suits this clause could be availed of only when, besides the controversy between citizens of the same state, there was also a separable controversy between citizens of different states. Besides the supreme court decisions cited by Judge Brown in his opinion, the following, subsequently decided, may be consulted: Corbin v. Van Brunt, 105 U. S. 576; Fraser v. Jennison, 106 U. S. 191, 1 Sup. Ct. 171; Winchester v. Loud, 108 U. S. 130, 2 Sup. Ct. 311; Shainwald v. Lewis, 108 U. S. 158, 2 Sup. Ct. 385; Ayres v. Wiswall, 112 U. S. 187, 5 Sup. Ct. 90; Railroad Co. v. Ide, 114 U. S. 52, 5 Sup. Ct. 735; Railway Co. v. Wilson, 114 U. S. 60, 5 Sup. Ct. 738; Pirie v. Tvedt, 115 U. S. 41, 5 Sup. Ct. 1034, 1161; Crump v. Thurber, 115 U. S. 56, 5 Sup. Ct. 1154; Safe-Deposit Co. v. Huntington, 117 U. S. 280, 6 Sup. Ct. 733; Plymouth Con. Gold Min. Co. v. Amador & S. Canal Co., 118 U. S. 264, 6 Sup. Ct. 934; Little v. Giles, 118 U. S. 596, 7 Sup. Ct. 32; Brooks v. Clark, 119 U. S. 502, 7 Sup. Ct. 301; Laidly v. Huntington, 121 U. S. 179, 7 Sup. Ct. 855; Hedge Co. v. Fuller, 122 U. S. 535, 7 Sup. Ct. 1265; Brown v. Trousdale, 138 U. S. 389, 11 Sup. Ct. 308; Bellaire v. Railroad Co., 146 U. S. 117, 13 Sup. Ct. 16; Wilson v. Oswego Tp., 151 U. S. 56, 14 Sup. Ct. 259.

The case being properly removed, it only remains to determine the motion to vacate the attachment and service of summons. The statutes of the United States expressly prohibit the issuing of an attachment against a national bank or its property before final judgment in any suit, action, or proceeding in any state court. Rev. St. U. S. § 5212; Bank v. Mixter, 124 U. S. 721, 8 Sup. Ct. 718. The attachment was therefore improperly issued, and should be vacated; and, inasmuch as the summons was personally served outside of the limits of the state, such service should be set aside and declared void. Motion granted.