### HUNTER v. CONRAD et al.

(Circuit Court, D. Rhode Island. March 12, 1898.)

REMOVAL OF CAUSES—DIVERSE CITIZENSHIP—SEPARABLE CONTROVERSIES.

Under the act of August 13, 1888, § 2, whenever a controversy is wholly between citizens of different states, one of several defendants, being actually interested therein, a nonresident, and a citizen of another state, may remove it to a federal court, irrespective of whether the suit involves separable controversies or only one.

This was a suit by James C. Hunter against Mabel B. Conrad and others. The case was heard on a motion to remand to the state court.

Nathan W. Littlefield, for complainant.

Francis Colwell and Walter H. Barney, for respondents.

BROWN, District Judge. The citizenship and residence of the parties are as follows: The complainant is of New York; the respondent Mrs. Conrad, of Montana; the respondents Wood and Anthony, of Rhode Island. The suit was brought in the state court of Rhode Island. The removal was upon the sole petition of Mrs. Conrad; the Rhode Island respondents neither joining in the petition, nor objecting to the removal. The complainant moves to remand. As there are not on opposite sides of the controversy citizens of the same state, the controversy is "wholly between citizens of different

states." But a single controversy is involved. Can a single and inseparable controversy of this character be removed by one of the defendants, a nonresident citizen of another state? The right to remove is claimed under the following language, which appears in the act of August 13, 1888 (1 Supp. Rev. St. p. 612):

"And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit," etc.

It cannot be denied that the literal terms of the statute cover this case. It is contended, however, that this language applies only to those cases in which there exist two or more controversies. The questions therefore arise whether the mere fact that a case involves two or ·more controversies in itself affords any substantial or reasonable grounds for granting to one of several defendants a right of removal to a federal court, and, if not, whether congress intended to provide in one section two different and inconsistent methods of dealing with the same subject-matter; requiring in one clause the joinder of all the defendants in order to remove a controversy wholly between citizens of different states, and in the next clause allowing one of several defendants to remove a controversy of the same kind. In Insurance Co. v. Champlin, 21 Fed. 85, it is said:

"It would be a gross anomaly to construe a statute in such a way as to mean that a controversy which, when joined with another controversy not removable at all, would be sufficient to remove both at the instance of a single defendant, yet should not itself be removable in the same manner when standing alone. Such a construction would make the removability of a suit and the manner of removing it under the second clause depend, not on the character of the removable controversy, but upon its being joined with a controversy not in itself removable at all. It is not credible that any such anomaly should have been intended, and none such should be created by construction."

This case was followed by Judge Lacombe in Garner v. Bank, 66 Fed. 369, and in Trust Co. v. Mackay, 70 Fed. 801. In the former case Judge Lacombe refers to the fact that there are many decisions of the supreme court that seem to imply that the clause applies only to cases involving more than one controversy, and says that in these cases, however, there were citizens of the same state on each side of the controversy. An expression of the supreme court in such a case to the effect that there is no jurisdiction because there is no separable controversy is of no value, even as a dictum, upon the question now before us. It is merely saying that there is no controversy in the case wholly between citizens of different states. There are upon each side of these cases citizens of the same state. If a distinct controversy not involving these parties exist in the case, or if the parties can be arranged according to their substantial interests, so that all on one side are citizens of different states from those on the other side, then the requirements of the statute are met; otherwise the court has no jurisdiction, because, even after rearrangement according to interest, or separation of the controversies, the original difficulty still exists. But these expressions of the supreme court do not warrant us in holding that a controversy which may be removed, carrying with it the impeding burden of an otherwise irremovable controversy, cannot be

removed when unburdened with this impediment. The controversy before us presents originally the same arrangement of parties that is a reason for removal when it has been effected after rearrangement of parties and separation of controversies. The fact that a case contains two controversies is of no value as itself furnishing substantial grounds for federal jurisdiction. The separation of controversies is merely a sifting process, or a process of analysis, whereby is proven the existence, in a conglomeration of controversies, of one controversy which is wholly between citizens of different states, and therefore of federal cognizance. If this quality in a portion of a case suffices to remove the whole case, a fortiori when the case is all of this quality it should be removable. To say that a case is removable by one of several defendants if it contain two separable controversies, first, one wholly between citizens of different states, and, second, one between citizens of the same state, but that the case is not removable if it contain the first alone, but not the second, is to make the right to resort to a federal court depend upon the existence of a controversy not involving federal considerations, and to adopt a construction which attributes to the legislature a most absurd intention. But, it is argued, this right cannot exist under the third clause, because it is denied under the second, which requires all defendants to join. If this is not so,—if, under the preceding clause, a single defendant may remove,—then there seems to be no imperative reason for holding that the third clause relates solely to separable controversies, and this defendant has the right of removal under either clause. Under the preceding clause the removal may be "by the defendant or defendants, being non-residents." Does this require all the defendants to join? In Black's Dill. Rem. Causes, p. 114, § 77, it is said: "In the absence of an explicit ruling by the supreme court, this point must remain in doubt." This point, however, was directly involved in the case of Mitchell v. Smale, 140 U. S. 407, 11 Sup. Ct. 819, 840, in which, under the first clause of section 2, wherein is used the language, "by the defendant or defendants therein," a single defendant was permitted to remove a case without the joinder of his co-defendants. In that case citizens of Illinois were on each side. It was removed by a nonresident citizen of another state,—one of three defendants. After considering whether the issues were such that, through separation, a controversy wholly between citizens of different states might be found as a basis for removal, the court says:

"But, be this as it may, we think the additional ground of removal stated in the amended petition was sufficient to authorize the removal to be made. * * * This ground of removal presented a case arising under the laws of the United States."

The right of removal was thus based upon clause 1, and the language "the defendant or defendants therein" did not prevent one defendant from removing the cause. Railroad Co. v. Townsend, 62 Fed. 161. If the phrase "the defendant or defendants," when used in the first clause, permits a removal by a single defendant, the same reason exists for a like construction of clause 2. Moreover, there is an additional reason in the added words, "being non-residents." The right to remove is given to nonresident citizens of another state. Martin v. Snyder,

148 U. S. 663, 13 Sup. Ct. 706. A resident or citizen of the state has no right of removal. If he join in a petition, he cannot assert thereby his own right, nor can he confer on another a right. At best, he would merely waive objection to being deprived of a right to remain in the court of his own state. But it is apparent from the whole section, and especially from clause 3, that no such right has been regarded by congress as sufficient to prevent a removal. A further reason may be found in the fact that all other clauses of that section permit one of several defendants to remove a cause; the only limitation in such clauses being that there should exist a matter of federal cognizance, as a case arising under the laws of the United States, a controversy wholly between citizens of different states, or prejudice or local influence whereby a citizen of another state is unable to obtain justice. We should prefer a construction of the present act that attributes to congress an intention to deal consistently with the same subject-matter, rather than an intention to perpetuate unreasonable inconsistencies in previous acts, if such existed. I think that such cases as seem to hold that congress intended to establish a different rule for separable controversies from that for single controversies fail to duly consider the point so clearly presented in Insurance Co. v. Champlin, supra, or to meet the question, why should congress in one clause allow one of several defendants to remove a controversy wholly between citizens of different states, and in another deny such right? The reply, "Because of a difference between suits in which there are several controversies, and suits involving but a single controversy," is merely a verbal reply, that entirely fails to satisfy the inquiry, or to afford any ground for such a distinction. I am of the opinion that section 2 of the act of 1888, when construed as a whole, clearly shows that it was intended that whenever a controversy is wholly between citizens of different states, so that unmistakably it is within the constitutional term "controversies between citizens of different states," one of several defendants, being actually interested therein, a nonresident, and a citizen of another state, may remove it to a federal court. The motion to remand is therefore denied.