CAVANAGH v. MANHATTAN TRANSIT CO.

(Circuit Court, D. New Jersey. January 6, 1905.)

1. FEDERAL COURTS—REMOVAL OF CAUSE—SERVICE—MOTION TO VACATE—APPEARANCE.

After a case has been removed from a state to a federal court, the defendant may move to vacate the service, if a special appearance only is made for that purpose.

2. SAME—FRAUDULENT SERVICE—EVIDENCE.

Where plaintiff's agent induced the secretary of defendant corporation, which was a resident of New York, to come into New Jersey for an interview with reference to certain machinery purchased from defendant, and at the close of the interview, as such secretary was leaving the place where it was held, he was served with process, which was dated the day that he had notified plaintiff's agent that he would be at the place of the interview, such facts, unexplained, warranted a finding that the service was obtained by fraud.

On Motion to Set Aside Service of Summons.

George H. Peirce, for the motion.

W. L. Edwards, opposed.

LANNING, District Judge. This is an action on contract. It was commenced in the New Jersey Supreme Court, and the defendant, before filing its plea or demurrer, and before entering any appearance therein, had the cause removed into this court. It now seeks to have the service of summons set aside on the ground that the secretary of the defendant company, which is a corporation of

the state of New York, was inveigled by the plaintiff's agent into the state of New Jersey, where the summons was served upon him. But one deposition has been taken—that of Robert G. McDonald, the secretary of the defendant company. The plaintiff's counsel was present at the examination and cross-examined Mr. McDonald. At the close of the examination he announced that he had no deposition to take on behalf of the plaintiff. The facts appear to be as follows: The defendant company, having its place of business in New York City, held the promissory note of the plaintiff. On September 24, 1904, the defendant company sent a letter to the plaintiff, who resides in Newark, N. J., requesting payment of the note. On September 30th, Frederick C. Cavanagh, the son of the plaintiff, wrote to the defendant company a letter as follows:

"Your letter of the 24th inst. regarding the payment of note of Emma Cavanagh which you hold for $850, received. In reply I wish to say that this plant is not at all satisfactory and not as agreed it would be, as you know, and I would like to see your secretary Mr. McDonald at the Palace Hotel, this City, address above, on Tuesday October 4th, or Wednesday October 5th, between the hours of three and four o'clock in the afternoon on either of those days, in order to make arrangements regarding the matter. I should have answered your letter before this but I have been out of town and have just returned."

Mr. McDonald says he answered the letter, stating that he would be in Newark, at the place designated, on Wednesday, October 5th, between the hours of 3 and 4 o'clock, and that he went there at that time and had some "talk" with Frederick C. Cavanagh. The subject-matter of the conversation appears to have had relation to a proposed settlement between the plaintiff and the defendant. Mr. McDonald says he told Frederick C. Cavanagh that the suggested settlement which Mr. Cavanagh had made would have to be reported to a committee of the defendant company. He also says that after the conversation was ended he left the hotel, and as he stepped out upon the street a man approached him and asked if he was Robert McDonald, and that, on his replying that he was, the summons was served upon him.

After a case has been removed from a state court to a federal court, the defendant may have the service of process set aside, provided a special appearance for that purpose, and not a general appearance, be made. Bentlif v. London & Colonial Finance Corporation (C. C.) 44 Fed. 667; Cady v. Associated Colonies (C. C.) 119 Fed. 420; Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517.

In Reed v. Williams, 29 N. J. Law, 385, the Supreme Court of the state of New Jersey held that, where a party upon whom summons is served is induced to come into the state of New Jersey by a deception practiced upon him by the plaintiff for the purpose of serving the summons, such service will be set aside. In the course of the opinion in that case the following language was used:

"The plaintiff was himself examined at some length in the matter, but he does not in any way deny or contradict the charge brought against him. I shall consider, therefore, that the fact is abundantly proved that the plaintiff, under a mere show or false pretense, decoyed and inveigled the defendant, when he would not otherwise have come from the state of New York,

into our jurisdiction, for the sole purpose of having this process served upon him, the arrangements for doing which had been previously made; and the question is whether the court should sustain this proceeding—whether this is a proper or an improper use of the court's process. I cannot suppose the courts were established for any such purpose. To aid in fraud, deceit, or wrong in any form is no part of their business. To prevent and suppress all such things is their highest duty. To permit a party to take advantage of his own wrong is what the law abhors."

And in this court the late Judge Nixon, in Steiger v. Bonn (C. C.) 4 Fed. 17, expressed the same rule of law. In that case it appears that the defendant was a citizen of the state of New York, and that he was induced by a forged telegram to come to Newark, where summons was served on him. There was no express proof that the plaintiff, or any one representing him, sent the telegram, but Judge Nixon said:

"The question involved must be decided by ascertaining upon which party the burden of proof lies. There is no pretense that the deputy marshal had any knowledge of the forged telegram. Do the undisputed facts make such a presumption against the plaintiff or his agent, who accompanied the officer, that he is called upon to rebut them with proof that he was not privy to the deception practiced upon the defendant? I am of that opinion. The presumption of the plaintiff's participation in the deception is stronger here than in the case of Hevener v. Heist, 30 Leg. Int. 46, and yet in that case the court set aside the writ. The defendant had been brought to Philadelphia from Bucks county, Pa., by a forged telegram, and on his arrival he was served with the writ by the deputy sheriff. Judge Sharswood thought the burden of proof was upon the plaintiff to explain how the officer knew that the defendant was coming. There was no evidence as to who sent the telegram, and yet the learned judge held that the failure of the plaintiff to show that he did not direct the officer in the service was fatal to the legality of the proceedings. 'I am clearly of the opinion,' he says, 'that it was incumbent on the plaintiff to produce the sheriff's deputy who made the arrest, in order to show that it was not by the instruction of the plaintiff or his attorney that he went with the writ at that time to that place to arrest the defendant.'"

In the case at bar the summons was issued on October 5th, the same day that Mr. McDonald visited Newark. The sheriff, or his deputy, was waiting outside of the Palace Hotel to serve the summons upon Mr. McDonald the moment he should leave the hotel. Why was the summons dated on the very day when Mr. McDonald had notified Mr. Cavanagh that he (McDonald) would be in Newark? How did it happen that the sheriff, or his deputy, was at the Palace Hotel in Newark on the very day and hour of Mr. McDonald's visit there? The plaintiff should have furnished answers to these questions. Mr. Cavanagh was the agent of the plaintiff, and neither he nor the officer who served the summons was called as a witness.

The principle upon which the opinions above referred to rest controls me in this case. The conclusion reached is that Mr. McDonald was induced by the plaintiff's agent to come from New York City to Newark to the end that process might be served on Mr. McDonald in New Jersey. Such use of the process of a New Jersey court cannot be upheld. This conclusion renders it unnecessary to consider the other objections raised by the defendant's counsel.

The motion to set aside the service of the summons will be granted.