BLACKBURN v. BLACKBURN et al.

(Circuit Court, E. D. Arkansas, W. D.   January 23, 1906.)

No. 1,426.

REMOVAL OF CAUSES—DIVERSITY OF CITIZENSHIP.

An action cannot be removed from a state to a federal court upon the ground of a diversity of citizenship under clause 2 of section 2 of the act of Congress of August 13, 1888, c. 866, 25 Stat. 434 [U. S. Comp. St. 1901, p. 509], when there is no separable controversy, unless all the defendants join in the petition for removal, and are nonresidents of the state in whose court the action was originally instituted.

[Ed. Note.—Separable controversy as ground for removal of cause to federal court, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.]

(Syllabus by the Court.)

On Motion to Remand.

J. H. Carmichael, for plaintiff.
Whipple & Whipple, for defendants.

TRIEBER, District Judge. The complainant filed her bill in the chancery court of Pulaski county, state of Arkansas, to remove a cloud on her title to certain real estate lying and situated in the county of Pulaski, state of Arkansas. The complainant is a citizen and resident of the state of Washington; the defendant Blackburn a citizen anu resident of the state of Montana, and his codefendant, L. W. Cherry, a citizen and resident of the state of Arkansas. Both of the defendants joined in the petition for removal to this court, upon the sole ground that there is a diversity of citizenship between the parties. It is not claimed that the action is separable between the two defendants, but it is urged that, as the plaintiff is a citizen of a state other than that of either of the defendants, it is removable if either one of the defendants is a nonresident of the state in whose court the action was instituted, if both of the defendants join in the petition for removal.

The cases relied upon by complainants to sustain the removal are Dick v. Foraker, 155 U. S. 404, 15 Sup. Ct. 124, 39 L. Ed. 201, Boston Safe Deposit & Trust Co. v. Mackay (C. C.) 70 Fed. 801, and Hunter v. Conrad (C. C.) 85 Fed. 803. Dick v. Foraker has no application whatever to the case at bar, as it was originally brought in a national court. No doubt, if the complainant in the case at bar had seen proper to institute this action in this court, in view of the fact that she is a citizen of Washington and the defendants are citizens of other states, this court would have had jurisdiction, but under the act of August

13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508], not every suit which could originally be brought in a national court can be removed, upon the ground of a diversity of citizenship, as the second clause of section 2 of that act (25 Stat. 434 [U. S. Comp. St. 1901, p. 509]) limits the right of removal to the "defendant or defendants therein being nonresidents of that state." Upon the facts as they appear from the report of the case in Dick v. Foraker, that cause would have been removable, even had it been instituted in the state court, as the defendant was a nonresident of the state of Arkansas, in which state the action was pending, and for this reason authorized to remove it upon the ground of a diversity of citizenship.

Boston Safe Deposit & Trust Co. v. Mackay, supra, apparently sustains the contention of defendants, but the opinion is anything but satisfactory to the mind of this court. As the opinion on the motion to remand is very short it may be given at full length: "Motion denied. Garner v. Bank (C. C.) 66 Fed. 369." A reference to the only case cited will show that it has no application whatever to the facts in the case in which it was cited. In that case the plaintiff, a citizen of New York, instituted an action against the defendants, both of whom were citizens of the state of Rhode Island, in one of the courts of the state of New York, and the court very properly held that the defendants being nonresidents had a right to remove the cause to a national court.

Hunter v. Conrad undoubtedly sustains the contention of defendants in part. The suit was removed from a court of the state of Rhode Island to the National court. The complainant was a citizen of New York; one of the defendants a citizen of the state of Montana, and the other defendants citizens of the state of Rhode Island. The petition to remove was filed by the nonresident defendant alone, and the court held that, although there was no separable controversy, as in the case at bar, the nonresident defendant had a right to remove the cause. The opinion of the court seems to be based solely on Insurance Co. v. Champlin (C. C.) 21 Fed. 85, and Mitchell v. Smale, 140 U. S. 407, 11 Sup. Ct. 819, 35 L. Ed. 442. Both of these cases arose under the removal act of 1875. Under the act of 1875 either plaintiff or defendant could remove a cause from the state to the federal court if there was a diversity of citizenship between all the plaintiffs and all the defendants. There was no such restriction as is found in clause 2 of section 2 of the act of 1888 limiting the right of removal "to the defendant or defendants being nonresidents of that state." Aside from these facts, in Mitchell v. Smale, the right of removal was sustained solely upon the ground that the issues involved affected a right claimed by the removing defendant to arise under the laws of the United States. The learned judge, who delivered the opinion in Hunter v. Conrad, in order to meet the objection that clause 2 of section 2 of the act of 1888, limited the right of removal to nonresident defendants solely, held that, in order to remove a cause upon the ground of diversity of citizenship, it is sufficient for one of several defendants who is a nonresident to file the petition, and thereupon the whole cause is removed, although it is not separable as between him and his codefendants who are citizens of the state in which the action was brought.

That part of the opinion has since then been expressly determined .otherwise by the Supreme Court of the United States in a number of well-considered cases. Chicago, Rock Island, etc., R. R. Co. v. Martin, 178 U. S. 245, 20 Sup. Ct. 854, 44 L. Ed. 1055; Gableman v. Railroad Co., 179 U. S. 337, 21 Sup. Ct. 171, 45 L. Ed. 220; Cochran v. County of Montgomery, 199 U. S. 260, 26 Sup. Ct. 58, 50 L. Ed. ——.

In Chicago, Rock Island, etc., R. R. Co. v. Martin, supra, it was held by the Chief Justice, who delivered the unanimous opinion of the court, after quoting in full section 2 of the act of 1888:

"It thus appears on the face of the statute that if a suit arises under the Constitution or laws of the United States, or if it is a suit between citizens of different states, the defendant, if there be but one, may remove, or the defendants, if there be more than one; but where the suit is between citizens of different states, and there is a separable controversy, then either one or more of the defendants may remove." Page 247, of 178 U. S., page 855, of 20 Sup. Ct., 44 L. Ed. 1055.

And again on page 248 of 178 U. S., page 855 of 20 Sup. Ct., 44 L. Ed. 1055, he says:

"There is no separable controversy here. The case presented a joint cause of action against all the defendants, and indeed the removal was applied for on the ground that the suit arose under the Constitution and laws of the United States. It therefore came within the first clause of the section quoted, and if the same rule governs proceedings under that clause that obtains in respect to the second clause [under which it is sought to remove this cause] the judgment of the Supreme Court of Kansas must be affirmed. And in view of the language of the statute we think the proper conclusion is that all the defendants must join in the application under either clause."

The same construction was placed upon the Act of 1875. Fletcher v. Hamlet, 116 U. S. 408, 6 Sup. Ct. 426, 29 L. Ed. 679.

The earliest case under the act of 1887 on the questions involved in this cause is Western Union Telegraph Co. v. Brown (C. C.) et al., 32 Fed. 337, decided by Mr. Justice Brewer, and concurred in by Judge Thayer. In that case the learned judge, after carefully reviewing the authorities, summarized the conclusions of the two judges on the subject under discussion as follows:

"First, that in cases involving but a single controversy where the jurisdiction of the court depends only upon citizenship of the parties, the right of removal is governed solely by the second clause of the second section of the act of March 3, 1887, and can be exercised only by nonresident defendants."

Further on in the opinion the court say:

"We have given to this question a careful examination because of its wide reaching effect. The plaintiff may not remove under the act of 1887; and if a resident defendant may not remove, on the ground of diversity of citizenship alone, causes in which there is but a single controversy, it is obvious that removals will be very infrequent. Still, whatever may be the result, we are to give to the language of the Act that construction which will carry out its intent."

Other cases in which the same conclusions are reached are Arkansas Smelting Co. v. Cowenhoven (C. C.) 41 Fed. 450; Parkinson v. Barr (C. C.) 105 Fed. 61.

In the opinion of this court the language of the act is too clear to admit of any other construction, but even were it doubtful, this court would consider itself, in the absence of a contrary decision by the Su-

preme Court of the United States or the United States Circuit Court of Appeals for this circuit, bound by the decision of Judges Brewer and Thayer determined in this circuit, as it is advisable that the decisions of the various courts in a circuit should be harmonious, if possible.

The motion to remand will be sustained.